33 517
33 702
33 704

33 517
60  19

# CHARLESTON.

## ALKIRE v. ALKIRE.

Submitted January 21, 1890—Decided March 10, 1890.

1. DIVORCE—DESERTION—SEPARATION.

   Desertion, in divorce law, is the voluntary separation of one of the married parties from the other, or the voluntary refusal to renew a suspended cohabitation, without justification either in the consent or the wrongful conduct of the other.

2. DIVORCE—DESERTION—SEPARATION.

   The wrongful conduct or justifiable cause, which will warrant a wilful separation, or a continuance of it, must be such as could be made the foundation of a judicial proceeding for a divorce *a mensa et thoro*.

3. DIVORCE—DESERTION.

   Where a wife, without any apparent cause other than her dislike of him, voluntary leaves the home of her husband and refuses to return or cohabit with him for a period of more than three years, after she has been in good faith requested by the husband to do so, the husband will under our statute be entitled to a divorce from the bond of matrimony.

*R. W. Monroe* for appellant.

No appearance for appellee.

SNYDER, PRESIDENT:

Appeal from a decree of the Circuit Court of Hampshire County rendered September 30th, 1889, in a suit brought in said court by Hiram W. Alkire against Lizzie A. Alkire to obtain a divorce from the bond of matrimony. The bill avers, that the plaintiff and defendant were legally married to each other in December 1878, and that they lived and cohabited together from that time until February 1880, at which time the defendant wilfully and without any just cause deserted the plaintiff and returned to the house of her father, where she has ever since remained, a period of more than three years, refusing to live with the plaintiff and perform the duties of a wife; that on October 6, 1879, a female

child was born, the issue of said marriage, which was taken away by the defendant, and is still living with her; that at all times since her desertion the plaintiff has been willing and repeatedly offered to take the defendant back and treat her kindly and provide for her in the best manner he could, but she has persistently refused to accept his offer or to return and live with him. The defendant was duly served with process, but she failed to answer the bill or appear to the suit. The Circuit Court dismissed the bill and the plaintiff has appealed to this Court.

Our statute declares that the Circuit Courts shall have jurisdiction of suits for annulling or affirming marriages, or for divorces; and it further declares that "when either party wilfully abandons or deserts the other for three years, a divorce may be decreed to the party abandoned"—§§ 5 and 7, Code 1887.

It will be observed that the statute does not define what shall constitute desertion or abandonment, we must therefore resort to the recognized legal authorities for the definition and meaning of those terms. Bishop in his work on Marriage and Divorce, § 776, says: "Desertion, in divorce law, is the voluntary separation of one of the married parties from the other, or the voluntary refusal to renew a suspended cohabitation, without justification either in the consent or the wrongful conduct of the other." The offence of desertion consists, first, in the actual ceasing of cohabitation, and secondly, the intent in the mind of the offending party, to desert or abandon the other; these two ingredients must combine and co-exist. A mere absence of the husband or wife on business, or a separation of the parties by mutual consent, made with or without the further understanding that one of them shall apply for a divorce, is plainly not a desertion in either. Neither, as a question of evidence, can desertion be inferred against either, from the mere unaided fact of their not living together; though protracted absence, with other circumstances, may as a matter of evidence establish the original intent. *Crow* v. *Crow*, 23 Ala. 583; *Gaines* v. *Gaines*, 9 B. Mon. 295; *Ahrenfeldt* v. *Ahrenfeldt*, 1 Hoffman 47.

If the parties separate for cause, and the cause is re-

moved, but one of them declines to renew the cohabitation, this is a desertion by the one refusing from the time of such refusal. But to entitle a person to a divorce under such circumstances, the offer to renew the marital relation must be made in good faith, it must be free from improper qualifications and conditions, and it must be really intended to be carried out in its spirit if accepted. In marriage each party undertakes to overlook moral wrongs and infirmities of the other, and to continue cohabitation notwithstanding their existence. According to the weight of authority and what seems to be the only safe and practicable rule, the justifiable cause which will excuse one of the parties for leaving the other, must be such conduct as could be made the foundation of a judicial proceeding for divorce, *a mensa et thoro.* Nothing short of such conduct will justify a wilful separation or a continuance of it. The interests of society, the happiness of the parties, and the welfare of families demand such a rule. Separation is not to be tolerated for light causes, and all causes are light which the law does not recognize as grounds for divorce. *Eshbach* v. *Eshback*, 11 Harris 343; *Grove's Appaal*, 1 Wright 443; Bish. on Mar. & Div. § 799.

In the case at bar the marriage and separation of the parties is fully proved as alleged in the bill. In respect to the cause of the separation, the intention of the defendant and the wish and offer of the plaintiff to resume the marital relation, the evidence, it seems to me, is plainly sufficient to warrant the divorce. So far as the record discloses, no cause or reason is shown for the defendant's leaving the home of the plaintiff. The plaintiff in his deposition says: "I did not give her any cause to leave me, as I understand it. I never abused her, or struck her, or told her to leave. We had some angry words once or twice, but nothing to amount to anything. She left without my consent and against my will." The witness Scanlon testifies that he has known the parties well ever since the separation, and has frequently conversed with both of them. In response to the question "what reason did the defendant give for leaving the plaintiff?" this witness says: "She said that she could not live with him; but that he had never struck her, and had never

quarrelled with her but twice, and not to amount to much then. I have talked to her frequently about it. She has all the time declared that she would not live with him, and says she despises him." In respect to the plaintiff, this witness testified: "He has always expressed himself as being perfectly willing to live with her. He has always from the beginning to the present expressed his affection for her. He has written to her at different times, so she told me. She read two of the letters (she says) and the rest she destroyed without reading. He often asked me if I thought she would ever live with him, and wanted me to get her to meet him and talk to him. She always declared that she would not have anything to do with him. I often delivered such messages as I have spoken of above, and always with the same result. I saw him try to talk to her at camp-meeting. She refused to make up with him at the time or let him see the child." Another witness testified: "I heard the defendant say she never intended to live with the plaintiff again. If she could not do any better, she would go to the poor-house first." There was much other testimony of the same character and purport. It is evident that the defendant has a great dislike for the plaintiff, and that she has determined never to cohabit or live with him again. Whatever may be the cause of this dislike, whether it is mere caprice on her part or some fault or misfortune of his, it is certain that it is no such cause as would be any ground for a divorce, and therefore it is not such cause as would bar the plaintiff's right to a divorce for such desertion.

According to the facts and the legal principles above announced, I am clearly of opinion that the plaintiff is entitled to the relief prayed for in his bill. The decree of the Circuit Court must therefore be reversed and a decree entered by this Court granting to the plaintiff a divorce from the bond of matrimony, leaving however the custody of the child with the defendant. It is so ordered.

REVERSED.