Opinion.

---

## Richmond.

### CROUNSE v. CROUNSE.

#### March 12, 1908.

1. DIVORCE—*Desertion—Case in Judgment.*—Desertion is a breach of matrimonial duty, and consists of the actual breaking off the matrimonial cohabitation, coupled with an intent to desert in the mind of the offender. In the case in judgment, the husband has severed the marriage tie, so far as it is possible for him to do so, with no intention of resuming it.

2. DIVORCE—*Desertion—When Not Justified.*—Desertion by one consort of the other can only be justified by showing such conduct on the part of the deserted party as would entitle the other to a divorce *a mensa.* Nothing short of this will justify a wilful desertion, or a continuance of it.

Appeal from a decree of the Circuit Court of Fairfax county. Decree for the complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*T. Franklin Athey* and *C. V. Ford,* for the appellant.

*Moore, Barbour & Keith,* for the appellee.

HARRISON, J., delivered the opinion of the court.

This record presents the case of a husband and wife, each of whom is seeking a divorce from the other. The appellant is now seventy years of age, and his wife, the appellee, is fifty-seven. They were married in April, 1866, and ten children, all now *sui juris,* are the result of their union.

The bill was filed by the wife in the Circuit Court of Fairfax county, where the family has lived for many years, praying for a divorce *a mensa et thoro,* and at the proper time a divorce *a vinculo matrimonii;* for maintenance and costs pending the litigation, and permanent alimony upon the ground of desertion. In response the husband files an answer in the nature of a cross bill, denying generally the allegations of the wife's bill, and asking that she take nothing thereby, and that he be granted a divorce, upon the ground of cruelty on the part of his wife.

This appeal is taken by the husband from a decree which denies the prayer of his cross bill, and grants the wife a divorce *a mensa et thoro.*

We are of opinion that there was no error in denying the prayer of appellant for a divorce because of cruelty on the part of his wife. The husband has been, since he was married, a clerk in the Treasury Department of the United States Government, drawing a salary of $100 per month; a pension of $40 per month, and has accumulated considerable property. During their long residence in Fairfax county, the larger part of the time on a farm, the husband came back and forth to his home, where, as shown by the evidence, the wife labored, practically without help, like a servant, cooking, washing, milking cows, feeding horses, often chopping wood, and doing all of the endless work necessary for the comfort of her large family. The family physician, who had known the parties for twenty-five years and is a close neighbor, testifies that the appellee worked hard, cared well for her home, and looked after the comfort of her household. He praises her as a good housekeeper, who did well by her husband and children in sickness and in health. This evidence is corroborated by a number of other neighbors who had known the family for years.

The husband has severely assailed the woman who has borne his large family, but the great weight of the evidence repels the conclusion that she has been guilty of any such cruelty as would entitle him to a divorce. The record exhibits a lamentable state of domestic infelicity, and without attempting or intending to

justify the temper of the wife toward her husband, it is apparent that much of which he complains has been the result of his unreasonable fault-finding, and would, doubtless, have been different had a little appreciation, kindness and consideration been shown the wife, who was worn by years of ceaseless toil for him and his children.

The record of this unhappy controversy covers over five hundred printed pages, and it would be impossible to review such a mass of testimony within reasonable limits. It must suffice to say, that its careful consideration leaves the mind free from all doubt as to the correctness of the conclusion that the husband has failed to make a case entitling him to the favorable action of the court upon his unusual prayer for a divorce *because of his wife's cruelty.*

We are further ·of opinion that the facts disclosed by the record justified the decree granting the wife a divorce *a mensa et thoro,* upon the ground of desertion by the husband.

It appears that the appellant broke off all marital relations with his wife in 1902, and has since that time been absent from his home, with the exception of possibly two or three visits to "Herndon" where his wife lived, remaining a few hours each time. The appellant practically admits that he does not live at home, and undertakes to justify his course by urging his grievances against his wife. He vacillates as to why he left his home. On cross-examination, in answer to the question: "What was the particular occasion of your discontinuing your visits home?" he says: "Mainly the disagreeable part, and partially on account of the time expended on the railroad, and the drag on me back and forth."

Without further detail, we are of opinion that the evidence, taken as a whole, amply justifies the conclusion that appellant has severed the marriage tie, so far as it is possible for him to do so, and that he has no intention of resuming it.

Desertion is a breach of matrimonial duty, and consists of the actual breaking off of the matrimonial cohabitation,

coupled with an intent to desert in the mind of the offender. *Bailey* v. *Bailey,* 21 Gratt. 43; *Martin* v. *Martin,* 33 W. Va. 695, 11 S. E. 12.

That appellant has no intention of resuming his marriage relations would seem to be put at rest by his reply to a decree rendered at the January term, 1906, by which the court invites him to resume his marital relations with the appellee, and allows the invitation to stand open until the first day of the next term of the court. This invitation was declined, but the court, before which these parties together with witnesses had appeared in person under a rule, avoiding haste in its anxiety to bring appellant to a realization of his duty, did not render the vacation decree appealed from until late in the following July.

It is suggested in the petition that appellee wished her husband to leave her, or that she consented thereto. This contention is not sustained by the record. It is negatived by appellee's bill, which declares that, "Defendant's treatment of her has humiliated and grieved her beyond expression; that she has waited patiently but in vain, hoping that he would return to her and be with her during the few years which may yet be allowed them. Not only has this expectation been disappointed, but defendant declares that under no circumstances will he again live with complainant." While the answer contains a general denial, there is no specific denial of this allegation; and though intended to be used as a cross bill, it contains no such suggestion as that now made in the petition to this court. The appellee testifies that she has always desired her husband's return, and details the efforts she has made to ascertain why he had abandoned her. She says that in June, 1904, on the occasion of one of his brief visits to "Herndon," she said to him: "I will not stand this treatment and live this way;" and that he replied: "If you do not live this way, you will live a damn sight worse." One of her daughters testifies as to the grief of her mother at being deserted, saying: "My mother has always

worked to get a home, and looked forward to living in the future with my father. Since matters have taken such a turn and she sees that he has no consideration for her at all, her whole life seems blasted."

It is further suggested by appellant that if the alleged conduct of the appellee is not cruelty, within the meaning of the law of divorce, it is of such a character as to justify the withdrawal of appellant from the marriage relation without entitling appellee to a divorce.

This position is not in accordance with the better doctrine, and its general application would be dangerous. The safer and better view, as gathered from Bishop in his admirable work on Marriage and Divorce, is, that desertion can only be justified by showing such conduct in the other consort as would entitle the person who absents himself to a divorce. The learned author, in Vol. 1, sec. 1778, restating in conclusion the doctrine of ch. 50, says: "There is some difference of opinion as to what will suffice for excuse, but by the better doctrine it must be some physical or mental impediment creating an impossibility to do otherwise, or such ill conduct in the other party as might be foundation for a divorce suit."

And again, in Vol. 2, sec. 381, of the same work, the author says: "Whether the divorce is sought from bed and board, or from the bond of matrimony, no form of the plaintiff's dereliction will afford a complete bar in recrimination, unless it is such as the law has made ground for a divorce of the one or the other sort."

In *Alkin* v. *Alkin,* 33 W. Va. 517, 11 S. E. 11, it is held, that the wrongful conduct or justifiable cause which will warrant a wilful separation, or a continuance of it, must be such as could be made the foundation of a judicial proceeding for a divorce *a mensa et thoro,* the court saying: "According to the weight of authority, and what seems to be the only safe and practicable rule, the justifiable cause which will excuse one of the parties for leaving the other, must be such conduct as could

be made the foundation of a judicial proceeding for divorce *a mensa et thoro.* Nothing short of such conduct will justify a wilful separation or a continuance of it. The interests of society, the happiness of the parties, and the welfare of families demand such a rule. Separation is not to be tolerated for light causes, and all causes are light which the law does not recognize as grounds for divorce." Citing *Eshback* v. *Eshback,* 23 Pa. 343; *Grove's Appeal,* 37 Pa. 443; Bishop on Mar. & Div., sec. 799.

The same doctrine is announced in *Martin* v. *Martin,* 33 W. Va. 695, 11 S. E. 12, citing, among other cases, *Carr* v. *Carr,* 22 Gratt. 168, in which it was held, that a husband is rude and dictatorial in his speech to his wife, exacting in his demands upon her, and sometimes unkind and negligent in his treatment of her, even when she was sick, and worn and weary in watching and nursing their sick child, is no legal ground for her leaving him. .

There is no error in the decree appealed from, and it is affirmed.

*Affirmed.*