PATRICK, Appellant, vs. PATRICK, Respondent.

*April 22—May 11, 1909.*

*Divorce: Judgments: Conclusiveness of adjudication: Pleading: Issues raised by general denial.*

1. An adverse judgment in an action by the wife for divorce on the grounds of cruel and inhuman treatment and failure to support is a bar to a counterclaim on the same grounds interposed in a subsequent action to a complaint by the husband for divorce for desertion.

2. A judgment, in an action by the wife for divorce, that the husband was not guilty of cruel and inhuman treatment and failure

to support, is not conclusive that the wife was living apart without cause, so as to entitle the husband in a subsequent action to a divorce on the ground of desertion.

3. A general denial puts in issue desertion by the wife charged in a complaint for divorce, and renders admissible evidence tending to show a voluntary separation and living apart.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This is an action for divorce brought by plaintiff, appellant, against respondent on the ground of desertion. The respondent counterclaimed and asked for a divorce on the ground of cruel and inhuman treatment and failure to support. Respondent asked leave to amend by pleading the counterclaim by way of defense as well as counterclaim. This motion does not appear to have been ruled upon. The action was tried and the court found that the allegations of the complaint, as to the desertion of plaintiff by defendant, had not been proved and were not true. Judgment was entered dismissing the appellant's complaint and also the respondent's counterclaim, from which this appeal was taken.

For the appellant there was a brief by *Duffy & McCrory,* and oral argument by *J. H. McCrory.*

*Roy D. Tillotson* and *Maurice McKenna,* for the respondent.

KERWIN, J. It appears from the record that the parties to this action were married in June, 1900, and that in March, 1903, they separated, and soon thereafter the respondent commenced an action against the appellant for divorce on the ground of cruel and inhuman treatment, which action was tried and the complaint dismissed, and that plaintiff and defendant have not since lived together. It further appears that the cause of action set up in the complaint in the action of respondent against appellant was substantially the same as her counterclaim in this action. It is therefore contended in the present action that the judgment against the respondent

here in the former action, dismissing her complaint, which stands unmodified and unreversed, constitutes a bar to the respondent's right to now plead the same allegations in her counterclaim as were alleged in her former action and adjudicated in that action. The appellant moved for judgment on the pleadings, on the ground that the answer admitted the former judgment against the respondent upon the same cause of action as that set up in the counterclaim in this action, which judgment was entered June 15, 1903. The court overruled the motion. The appellant insists that the findings are not supported by the evidence. The court found that the allegations of the complaint as to the desertion of the appellant by the respondent had not been proved and were not true. From the written opinion of the trial judge in the record it appears that he found from the record in the former case and the testimony in the instant case that the separation and living apart was satisfactory to both parties and that appellant consented to the separation, and that the case is one of voluntary separation.

The main contention of appellant is that the former judgment is an absolute bar to the respondent's defense and counterclaim here and that no evidence should have been admitted under the counterclaim. It may well be that the former judgment pleaded was a bar to the respondent's cause of action set up in the counterclaim upon all issues tried and determined in that action, as contended by appellant. *Hart v. Moulton,* 104 Wis. 349, 353, 80 N. W. 599; *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1. It is well settled that facts once litigated and determined within the limits of the subject matter of the action and upon which the judgment rests are conclusive between the same parties. *Wentworth v. Racine Co.* 99 Wis. 26, 74 N. W. 551; *Hart v. Moulton, supra; Grunert v. Spalding,* 104 Wis. 193, 80 N. W. 589; *Rowell v. Smith, supra; Cromwell v. County of Sac,* 94 U. S. 351, 354; *Nesbit v. Riverside I. Dist.* 144 U. S. 610, 12 Sup. Ct. 746. Coun-

sel for appellant contends that the doctrine of the foregoing cases rules this case. In the former action the court found that the defendant (appellant here) did not fail and neglect to properly support the plaintiff (respondent here), and that defendant was not altogether guilty of the cruel and inhuman treatment set forth in the complaint and that he was not entirely blameless, and that none of the material allegations of the complaint as to cruel and inhuman treatment and failure to support had been proved, except that defendant did not furnish all clothing. The judgment rendered upon these findings, the appellant claims, establishes the fact that the respondent deserted the plaintiff when she left him in March, 1903, on the ground that, the judgment being conclusive that appellant was not guilty of cruel and inhuman treatment, respondent was not justified in leaving the home of appellant, and therefore such separation amounted to a desertion. But the conclusiveness of the former judgment does not warrant appellant's conclusion. The fact that respondent had no cause of action against appellant for cruel and inhuman treatment does not establish desertion on the part of respondent nor negative the finding of the trial court in this action to the effect that there was no desertion.

Regarding the admission of evidence under the answer little need be said. The general denial put in issue the desertion charged, and any facts tending to show that the separation and living apart were with the consent of appellant were admissible under the general denial. As we have seen, the court below was of opinion that the parties voluntarily lived apart. We think the findings of the court below are not against the clear preponderance of the evidence, and therefore the judgment must be affirmed.

*By the Court.*—The judgment below is affirmed.