# CHARLESTON.

## McKinney v. McKinney.

### Submitted October 5, 1915.    Decided November 2, 1915.

1. DIVORCE—*Grounds—Desertion—Failure to Solicit Reconciliation.*
   If by his conduct or demeanor a husband causes his wife to lose respect for him, or thereby alienates her affections, or destroys her mental quietude and comfort, and thereafter wilfully deserts and abandons her, without other cause therefor, no duty devolves on her to solicit reconciliation and renewal of actual cohabitation.   (p. 61).

2. SAME—*Desertion—Justification.*
   Denial of sexual intercourse does not constitute cause for wilful desertion and abandonment.   (p. 60).

3. DEPOSITIONS—*Prematurity in Taking—Waiver of Objection.*
   Depositions taken by defendant in support of an answer not then filed, plaintiff being then present and consenting thereto without objecting to the premature taking thereof, may upon the filing thereof, together with or subsequent to the filing of such answer, be read on the hearing of the cause, submitted by agreement, as part thereof, though then objected to by plaintiff. His participation in such taking without objecting thereto for that reason operates as a waiver of the irregularity.   (p. 59).

4. APPEAL AND ERROR—*Presentation for Review—Admission of Evidence.*
   On the party complaining rests the duty of specifying the evidence by him deemed improperly admitted over his objection. When not so designated, the appellate court will not search for the objectionable testimony.   (p. 59).

Appeal from Circuit Court, Marion County.

Suit by Emory F. McKinney against Odell P. McKinney. From decree for defendant, plaintiff appeals.

*Reversed and remanded.*

*Harry Shaw,* for appellant.

*Rollo J. Conley,* for appellee.

Lynch, Judge:

Plaintiff, by her bill, seeks a limited divorce, on the ground of desertion. By final decree of October 28, 1911, the Intermediate Court of Marion County denied the relief sought, except that it awarded alimony to the extent of ten dollars per week. Upon appeal thereto, this decree was affirmed by the circuit court, from whose order the present appeal was obtained.

By the first assignment, plaintiff challenges the propriety of the ruling on the objection interposed by her to the reading of depositions taken by defendant before the filing of his answer. Generally, depositions to be read on the hearing of any case should not be taken before the filing of the pleading whose allegations they are intended to support. *Goldsmith* v. *Goldsmith,* 46 W. Va. 422; *Dixon* v. *Dixon,* 73 W. Va. 7; *Cooper* v. *Bennett,* 70 W. Va. 110. This rule applies alike to all cases, including those for divorce. But, without protest or objection, indeed by agreement of counsel, and without formal notice thereof, the depositions were taken before the filing of the answer; and, though objected to when tendered, the parties agreed in the order filing the answer and the depositions to submit the cause at the same term, and four days later did submit it for final decree, presumably upon the record as so made. This action virtually operated as a waiver of the rule of proceeding prescribed by the cases cited.

By the second assignment, plaintiff complains of the refusal to sustain her motion to exclude responses to inquiries appertaining to the courtship of the parties and their conduct towards each other during the earlier period of their marital relation, on the ground that the inquiries were irrelevant and immaterial on the question of desertion, the sole ground

77 W. Va.

averred for the relief prayed by plaintiff. But she failed to designate, with the particularity required by the rules of this court, the testimony by her deemed objectionable. Hence, we decline to search therefor through the four hundred pages of the record before us. That duty devolves on counsel, not on the court, as such rules will show.

The defenses asserted by defendant are, first, that he was not guilty of wrongful desertion; and, secondly, that his offers to resume cohabitation were repulsed and refused.

Plaintiff and defendant were married in December, 1901. Thereafter, with the exception of brief intervals during which they lived elsewhere, they have resided in Fairmont until the present time. Their marital life was not happy for any considerable portion of the eight years of its continuance prior to the first and only separation in 1909. Discord began soon after the inception of the relation. It thereafter frequently occurred, and on several occasions breach of the relationship seemed imminent. Of the union two daughters were born, aged four and six years at the date of the separation.

It is unnecessary to detail the voluminous testimony. After a careful examination and consideration of it, our conclusion is that the desertion alleged is sufficiently proved. Defendant's contention that he was justified by plaintiff's conduct in leaving her is not sustained to any appreciable extent by the evidence. It may be conceded that she was at times disagreeable in temper and demeanor. But this is satisfactorily explained and accounted for, we think, by the acts and conduct of defendant. Her character stands unimpeached by any witness; and he does not impute to her serious fault other than unpleasantness in her manner toward him and denial of sexual intercourse. Such denial was partial only, extending over ''three or four months at a time'' according to his testimony. Her explanation is that he was often under the influence of liquor when he sought access to her. Justifiable cause for desertion must be sufficient to constitute ground for divorce *a mensa*. *Reynolds* v. *Reynolds*, 68 W. Va. 15; *Crounse* v. *Crounse*, 108 Va. 108. Incompatibility of temper and disposition, either alone or combined with refusal of marital intercourse, is insufficient as ground for divorce or

desertion.  *Wills* v. *Wills*, 74 W. Va. 709; *Reynolds* v. *Reynolds, supra.*

Nor is the further defense that plaintiff consented to the separation, and repulsed efforts by defendant to effect a reconciliation, supported by adequate proof.  It is true she did not protest against his leaving her.  Nor has she ever invited him to return.  No duty devolved on her to solicit reconciliation.  The offender must seek that.  He interrupted the relation, not she.  He left her, and made no sincere effort to rejoin her and resume cohabitation.  When the conduct of the husband is such as to make unhappy the wife and tend to destroy her peace and comfort, and he thereafter leaves her, she is not required to take the initiative in an effort to procure his return.  *Martin* v. *Martin*, 78 N. J. Eq. 423.  And if by his deportment he has alienated her affecetion and afforded her good cause to dislike him and to leave no desire to live with him, the feeling so generated does not excuse his continued desertion without an honest effort on his part to terminate it.  *Smith* v. *Smith*, 55 N. J. Eq. 222.

In the trial of the habeas corpus proceeding instituted by plaintiff, the court found her to be fit and competent to have the possession and control of her children; and no evidence now shows the contrary.  From her own testimony as a witness in this proceeding, she apparently is a woman of a high order of intelligence, energy, thrift and enterprise.  No assault was made upon her integrity, virtue or chastity.  Doubtless in this respect she was unassailable.  She stood the test of a rigid cross-examination by astute counsel.  By her personal efforts she has maintained herself and her infant daughters, and paid rent on the residence occupied by her, without any material assistance from any other source.

The order entered here, therefore, will reverse the decrees of the intermediate and circuit courts, reinstate the cause, grant plaintiff a temporary divorce and the possession, control and custody of her children, allow her a reasonable sum for the maintenance of herself and children, and remand the cause to the circuit court, with direction to ascertain and decree to her an amount by it deemed sufficient for the purposes stated.

*Reversed and remanded.*