# CHARLESTON.

CROUCH v. CROUCH.

Submitted September 12, 1916.   Decided September 26, 1916.

1. DIVORCE—*Grounds for*—*Desertion.*

In a suit for divorce on the ground of willful. desertion and abandonment, evidence of the breaking off of matrimonial cohabitation and of living separately and apart is not sufficient; there must also be evidence of intent to desert without cause, and the burden is upon the plaintiff to show that defendant left without justifiable cause, excusing himself or herself from blame. (p. 710).

2. SAME—*Decree*—*Conclusiveness*—*Matters Concluded.*

In such suit the defendant is not concluded by a former decree in a suit denying him or her a divorce from bed and board based on alleged cruel and inhuman treatment. The issues in the two suits are not the same.   (p. 711).

3. JUDGMENT—*Conclusiveness*—*Pleading Judgment.*

A plea of former adjudication, based on a different cause of action, interposed to a cross-bill, which fails to allege that the matter of the cross-bill was put in issue by the pleadings upon which the prior decree was predicated, but only that the plaintiff in the cross-bill undertook by his evidence in the former suit to prove the matters set up in such cross-bill in support of his bill in the former case, is not sufficient in law, and should be rejected on demurrer.   (p. 712).

4. DIVORCE—*Pleading*—*Amendment.*

The general equity rule against the allowance of amended answers is inapplicable to the filing of a cross-bill seeking affirmative relief against the plaintiff, and this principle is applicable to a cross-bill filed in a suit for divorce.   (p. 712).

Appeal from Circuit Court, Brooke County.

Suit by Joseph A. Crouch against Mary E. Crouch. From the decree, plaintiff appeals.

*Affirmed in part.   Reversed in part.   Remanded.*

*John J. Coniff* and *Geo. W. McCleary,* for appellant.

*Erskine, Palmer & Curl,* for appellee.

MILLER, JUDGE:

Plaintiff seeks a divorce from the bonds of matrimony, alleging as the sole and only ground therefor, that defendant

had willfully and deliberately abandoned and deserted him, and without any cause whatever, for the period of more than three years.

Defendant answered denying willful and deliberate abandonment and desertion without cause, and alleging cruel and inhuman treatment of her by plaintiff as good cause for her leaving him, and specifying numerous instances thereof, and professing her willingness to return to plaintiff's home, if she can be assured of plaintiff's proper treatment of her, and of the employment of a servant, or some one to protect her against his abuse, and her unwillingness to return upon any other conditions.

To this answer plaintiff replied by special plea alleging former adjudication adverse to defendant's contentions, of all matters alleged by way of defense to his bill, in a prior suit brought by her against him, in which she is alleged to have pleaded the very same matters of cruel and inhuman treatment as grounds for divorce from bed and board and for alimony, and with which plea he exhibited a complete transcript of the record in her cause, including bill, answer, and all the evidence and decrees and proceedings therein.

Upon the filing of said plea defendant was permitted to file what she styles her cross-bill and additional or supplemental answer to plaintiff's bill of complaint, as well as to his so called special plea to her original answer, and in which she alleges that before and at the time of their marriage plaintiff falsely, maliciously, and deceitfully represented to her that he was competent to produce offspring; was capable physically of fully consummating the marriage, well knowing the desire of defendant for offspring, and that this was the consideration for her entering into the marriage contract with him; but that contrary to his representations plaintiff knew at the time of their marriage that he was incurably impotent and incapable of consummating said marriage and that thereafter he made no effort to consummate the same, and had wholly failed and refused to do so to her great grief and shame. She alleges knowledge on his part of his physical impotency at the time of the marriage, and of her ignorance thereof then and for a long time thereafter. Upon these new

facts brought into the record respondent prayed for a divorce *a vinculo* from plaintiff and for suit money, and temporary and permanent alimony, and for general relief.

To this additional or supplemental answer and cross bill plaintiff replied by special plea objecting to the filing thereof, as an entire departure from her original answer, and because as alleged in his first special plea the matters set up therein were *res adjudicata* by the decree dismissing her bill against him in said former suit; and charging that in her evidence taken in support of her said former bill respondent had attempted to prove the very same matters set up in her said cross-bill and answer in support thereof; and also exhibiting again a complete copy of the record of said cause as a part of said special plea.

To this special plea, as to the former, defendant excepted and demurred, which exceptions and demurrers were in each instance overruled. No general replication to either of defendant's answers seems to have been interposed by the plaintiff. The only deposition taken was that of plaintiff filed in support of his bill. The decree appealed from denied plaintiff the relief prayed for and dismissed his bill; it also denied defendant any relief upon her cross-bill and dismissed the same. From this decree plaintiff has appealed, and defendant has cross assigned error in dismissing her cross-bill.

The first question presented is, has the plaintiff established by legal and competent evidence the willful abandonment and desertion of him by defendant for the requisite period entitling him to the relief prayed for? The only evidence in the case is plaintiff's own deposition and a slight reference therein, on cross-examination, and the re-direct examination, to his evidence in the said former suit, as shown by the record thereof exhibited with his special pleas, relating to his supposed admissions therein, that if defendant had not left him he intended to have left her.

Willful desertion, as our books say, consists, first, of the breaking off of matrimonial cohabitation; and, second, an intent in the mind to desert. *Tillis* v. *Tillis*, 55 W. Va. 198; *Burk* v. *Burk*, 21 W. Va. 445. But willful desertion implies desertion without justifiable cause. If one spouse deserts the

other for causes which would justify divorce *a mensa* there is no willful desertion of the other. And in *Tillis* v. *Tillis, supra,* Judge Brannon says: "He (plaintiff) ought to show that she (defendant) did wrong in leaving, and make her act unjustifiable and vindicate himself from blame." And for want of such evidence the decree for plaintiff in that case was reversed here and the bill dismissed. We think the evidence of plaintiff in this case is short in the same particular. He proves non-cohabitation, but this is not sufficient. He may have been the cause of it; he may have consented thereto, or procured it. His testimony offers no explanation of defendant's absence, or his conduct towards her prior thereto. The burden was on him to make out a clear case justifying a decree. *Tillis* v. *Tillis, supra; Patrick* v. *Patrick,* 139 Wis. 463.

Evidently plaintiff was relying upon the record filed as an exhibit with his two special pleas and upon the evidence of the parties taken therein. But assuming that that record and the decree in that case constitute an estoppel upon the defendant as to the matter of defense set up in her answer, this is a divorce proceeding, and the plaintiff would not be relieved from the burden of making out his case by competent proof. Besides that record was not offered as evidence on the matters set up in the bill; it was merely exhibited with plaintiff's special pleas to defendant's answer and cross-bill. And if we could look into that record we would find that the bill in that cause was for a decree *a mensa,* based on the alleged cruel and inhuman treatment of plaintiff by defendant. The decree in that case might estop defendant in this case as to the matters litigated; but is it conclusive upon her that she deserted or abandoned her husband without justifiable causes? We think not, and we think the authorities so hold. *Patrick* v. *Patrick, supra; Wendling* v. *Wendling,* 134 N. Y. S. 55. The issues were not the same in both cases. 1 Nelson on Divorce & Separation, section 555, citing *Umlauf* v. *Umlauf,* 117 Ill. 580, and *Wahle* v. *Wahle,* 71 Ill. 510; *Stewart* v. *Stewart,* (Md.) 66 Atl. 16; *Schwab* v. *Schwab,* 93 Md. 383; *Foxwell* v. *Foxwell,* (Md.) 84 Atl. 552; *Cook* v. *Cook,* (N. C.) 80 S. E. 178; *Lee* v. *Lee,* (Okla.) 132 Pac. 1070. Then too we must not overlook that the plaintiff substantially admits in his dep-

osition in this case, and with reference to his deposition taken in the former case, that if defendant had not left him he would have left her. True he endeavors to explain his former testimony; but the policy of the law is not to encourage divorces, but rather the contrary, and courts are justified in looking with suspicion upon evidence designed to avoid admissions of this character. One spouse will not be permitted to take advantage of a separation which he condoned, or encouraged, any more than when his bad conduct has resulted in the separation.

For the foregoing reasons we cannot say that there is any reversible error in the decree dismissing plaintiff's bill, and we are of opinion that the same should be affirmed.

Now with respect to defendant's cross-bill. She predicated her right to a decree of divorce a vinculo upon the alleged impotency of plaintiff. But she offered no proof, and of course could not have been granted a decree, although plaintiff failed to plead thereto except by the plea of res adjudicata. It does not clearly appear upon what ground the cross-bill was dismissed. But as the court sustained the plea of former adjudication, we think it must be assumed that the decree was based upon said plea, supported by the record of the former decree pleaded, and this being so, it was useless for defendant to undertake to sustain her bill by evidence. The cross-bill unless, as is suggested by plaintiff's counsel, it is inconsistent with her original answer filed, or came too late, presented a good case for relief. This plea was objected to, excepted to, and a demurrer thereto interposed by defendant, all of which were overruled. The ruling of the court on this plea is not specifically assigned as error by defendant in this court. It is contended, however, that the defendant should have been granted a divorce, and it is intended no doubt to thereby present the question.

The decree in the former suit of defendant against plaintiff, being a suit for divorce a mensa, and not a vinculo, and founded on another and different provision of the statute, could not upon principles enunciated in the authorities above cited, conclude the defendant in a suit for divorce a vinculo on grounds of impotency. The plea does not allege that this

ground was put in issue by the pleadings in that case; it is only charged that in that suit she undertook by her evidence to prove the matters set up in her cross-bill in support of her bill in that case. But we inquire if the matter of the cross-bill was not put in issue by the bill in the former case, how could such evidence be material or admissible in support of the bill, not seeking a divorce a vinculo, but a mensa, and based on alleged cruel and inhuman treatment? We are clearly of opinion that this special plea was not good and that the demurrer thereto should have been sustained and the plaintiff ruled to answer the cross-bill.

But it is said the cross-bill is inconsistent with defendant's original answer to the bill, and was filed too late, invoking the general rule respecting the filing of amended answers. But we do not think that rule applies to a cross-bill. *Martin* v. *Martin,* 33 W. Va. 695, 701; *Loar* v. *Wilfong,* 63 W. Va. 306, 315, and cases cited. And it is also suggested that defendant should have pleaded the cause of divorce a vinculo in her original suit for divorce a mensa. But impotency is not made the ground for divorce a mensa, and we do not think defendant in that suit was bound to sue for absolute divorce. If she had grounds for a decree of separation, as she thought, she could at her will pursue that remedy; and if afterwards she elected to do so she might sue for absolute divorce, based on any one of the grounds given by the statute, without being concluded by the decree denying her relief in her first suit. Some courts, as in *Bartlett* v. *Bartlett,* 113 Mass. 312, *Morrison* v. *Morrison,* 142 Mass. 361, *Viertel* v. *Viertel,* (Mo.) 75 S. W. 187, seem to hold, however, that if at the time of a suit for divorce a mensa, causes for divorce a vinculo were known to plaintiff, he would be thereafter precluded and estopped by the decree denying relief in the former suit, from instituting a new suit on grounds for absolute divorce; also, that it would be necessary in such subsequent suit to allege and prove absence of knowledge at the time of the first suit of the grounds for absolute divorce alleged in the subsequent suit. But the courts of other states, some of which are cited above, and which we think the better rule, hold differently, and that the decree in the former suit is no bar to the subsequent suit.

Defendant in her cross-bill pleads ignorance of plaintiff's alleged impotency at the time of entering into the marriage contract, then known to plaintiff but then and long afterwards unknown to defendant; but she does not allege want of knowledge thereof when she instituted her original suit, and these allegations, therefore, do not come up to the requirements of the Massachusetts and Missouri cases. But as we are disposed to follow the rulings of the courts of the other states, the allegation of ignorance on her part is not material. The ruling of the Massachusetts court we think might be applicable to a second suit for divorce *a vinculo,* based on grounds known to plaintiff at the time of the first suit, although the courts seem to differ on that subject.

Our conclusion based on these grounds is that the circuit court erred in not sustaining defendant's demurrer to the special plea to the cross-bill, and ruling the plaintiff to answer the same; and in not giving defendant opportunity if she could do so to make out her case by proof. We, therefore, reverse the decree dismissing said cross-bill, and remand the cause with direction to the circuit court to sustain the demurrer of defendant to said special plea, and require plaintiff to further reply to or answer said cross-bill.

*Affirmed in part. Reversed in part. Remanded.*