# CHARLESTON.

## MINOR PERINE v. SARAH A. PERINE.

Submitted November 21, 1922.    Decided December 5, 1922.

1.   DIVORCE—*Legal Desertion Effected by Willful and Unjustifiable Suspension of Marital Duty, Though Both Parties Remain in Same House.*

   Legal desertion of one spouse by another is effected by a willful, total and unjustifiable suspension of all marital duty and relationship even though both parties remain in the same house.   (p. 531).

2.   SAME—*Wife Having No Ground for Divorce Willfully Withholding From Husband All Marital Relations, Guilty of Desertion, Although Living in Same House.*

   If, in the husband's house, the wife willfully abandons their common room and takes another from which she excludes her husband, withholds from him all social relation and refuses to perform any household or other family duty, in the absence of such conduct on the part of the husband as would afford her ground for divorce, she is guilty of desertion. (p. 531).

3.   SAME—*Finding on Conflicting Evidence in Favor of Husband on Issue of Desertion Without Preponderance Against Him, Not Disturbed on Appeal.*

   If, in such case, the evidence taken in the presence of the judge of the trial court and reduced to writing, is conflicting as to whether the conduct of the husband respecting the transaction was inequitable, and is without preponderance against him, a finding in his favor as to that issue will not be disturbed by the appellate court.   (p. 532).

4.   SAME—*Decree Authorizing Each Party to Hold Own Property Free from Control of Other Does Not Affect the Right of Dower or Courtesy.*

   A provision in a decree of divorce from bed and board, to

the effect that each of the parties shall take and hold his own real and personal property free from the control and interference of the other, is authorized by sec. 11 of ch. 64 of the Code, and does not affect either the right of dower or courtesy. (p. 533).

Appeal from Circuit Court, Taylor County.

Suit by Minor Perine against Sarah A. Perine. From a decree of divorce for plaintiff, defendant appeals.

*Affirmed.*

*Warder & Robinson,* for appellant.

*O. E. Wyckoff,* for appellee.

POFFENBARGER, PRESIDENT;

The principal inquiry raised on this appeal is whether the decree awarding a husband a divorce from bed and board, upon the facts and circumstances disclosed by the record, is correct.

A fully proved and admitted fact is that the wife withholds from him all marital duty of every kind. She occupies one room of the house owned by her two step-daughters, subject to a life estate in their father, her husband, which she keeps locked and to which he does not have access, and she discharges no household duties whatever for the family. The husband says he went to her room, but found it locked. She says he has a key to the room and could enter, but has never endeavored to do so. She admits, however, that she broke off cohabitation, by leaving the room jointly occupied by them and taking another which she keeps locked. Between her and the husband, there is no social intercourse and she renders him no marital duty or service in any way. In every particular save one, residence in the same house, they are completely separated, and she separated herself from him.

The case is readily distinguishable from *Wills* v. *Wills,* 74 W. Va. 709, in which the wife was derelict in only one respect. Nor is it similar to the case of *Huff* v. *Huff,* 73 W. Va. 330, in which the plaintiff endeavored to justify his own desertion and establish cruel and inhuman treatment and adultery on the part of the wife. Unjustifiable suspension

of all marital duty, on the part of the spouse, amounts to desertion, even though both remain under the same roof, if it was accompanied by intent to desert. *Thompson* v. *Thompson,* 53 Wis. 153; *Hermance* v. *James,* 47 Barb. (N. Y.) 120; *Stein* v. *Stein,* 5 Colo. 55; *Evans* v. *Evans,* (Ky.), 20 S. W. 605; Bishop, Mar. & Div., sec. 779; Nelson, Div. sec. 70. Obviously, the status of the parties, unexplained and unqualified, will sustain the decree, unless the conduct of the wife is justified upon some ground, or it can be held that she did not intend to desert her husband.

Nothing short of conduct on the part of the husband, affording ground for a divorce in her favor and against him, could legally justify her total discontinuance of marital duty. *Alkire* v. *Alkire,* 33 W. Va. 517; *Martin* v. *Martin,* 33 W. Va. 659; *Huff* v. *Huff,* 73 W. Va. 330. The evidence discloses no semblance of ground for divorce in the conduct of the husband, upon which the wife relies for justification. They had frequent quarrels and he may have inflicted verbal abuse upon her and treated her with some degree of indifference. Their troubles originated in controversies between her and his daughters, over trivial matters. There is no pretense that any humiliation he may have caused her has impaired her health or was likely to do so, nor that he in any way bodily injured her or threatened or attempted to do so. Nor can it be said that he in any sense deserted her.

The act of suspension is itself indicative of intent to desert, but it is unnecessary to inquire whether it alone is sufficient evidence of such intention. In her testimony, the wife virtually admits that she will not resume proper relations with her husband, while his daughters reside with him.

As to the husband's conduct, the evidence is highly conflicting. As related by himself and his daughters, there was nothing in it of sufficient gravity to deny him relief, on the ground of inequitable conduct, under the principle applied in *Hall* v. *Hall,* 69 W. Va. 175. In some respects, it was contradicted by that of the wife; but the judge of the trial court had all of the parties before him, the evidence having been taken in his presence and reduced to writing, and he has

found against her as to that matter. His opportunity to form a correct opinion as to the weight of the evidence was better than ours, and we perceive no ground upon which his finding can be disturbed.

A provision in the decree that each of the parties take and hold his own individual property, real and personal, free from the control or interference of the other, is complained of. No error or excess of jurisdiction is perceived in this part of the decree. It does not deal with the subject of dower and curtesy as did the decree in *Kittle* v. *Kittle*, 86 W. Va., 34. It seems to be clearly authorized by sec. 11 of ch. 64 of the Code.

Upon these principles and conclusions, the decree will be affirmed.

*Affirmed.*