## CHARLESTON.

J. W. CROLL *v.* ELIZABETH CROLL

(No. 6311)

Submitted February 12, 1929.   Decided February 19, 1929.

*H. H. Darnall* and *F. W. Riggs,* for appellee.
*E. L. Hogsett* and *David F. Sheets,* for appellant.

MAXWELL, JUDGE:

On this appeal from a decree of the circuit court of Cabell county affirming a decree of the domestic relations court of that county we are called upon to determine whether the trial court was warranted in granting to the husband a decree of divorce from bed and board from his wife.

Although these parties occupied the same home until the husband obtained lodging elsewhere on the 12th day of December, 1927, social intercourse between them had practically ceased and sexual intercourse entirely so. She does not deny that she told her husband, also her surgeon in the presence of a nurse, all three of whom testify to the fact, that she never expected to have sexual intercourse with her husband again. She seeks to justify this attitude on the ground that since she underwent an abdominal operation in the spring of 1927, her sexual organs have been too contracted to permit of copulation; but the eminent surgeon who performed the operation and who examined the woman some months thereafter, when the matter was called to his attention by her husband, refutes her position. Testifying about this subsequent examination he says: "I found her in a normal condition and no excuse why she could not" (meaning why she could not indulge in sexual intercourse). He further testifies that if there had been an undue contraction following the operation the condition could have been easily and painlessly repaired, but that she said to him just prior to the examination above mentioned that if she was too close she intended to leave it that way; that she did not care, because she did not expect to have intercourse with her husband any more. Another physician who examined the defendant at her request some months subsequent to the operation is a little doubtful about the situation, and thinks that it would be hard to say whether she could or could not have sexual intercourse without pain or injury to herself. He thinks that her sexual organs are not quite in normal condition. There is also some difference in the evidence of the respective parties as to the extent to which this woman ceased to discharge her other marital duties. She admits that she did not share her husband's room with him for many months prior to the

institution of this suit, nor does she deny that she kept her separate room locked both day and night, whether she was therein or not. The husband is a merchant and goes to his place of business each morning between seven and seven-thirty. She did not pretend to get his breakfast for him though she says she put things out the night before for his breakfast the following morning. They also differ as to the frequency or infrequency with which she prepared the evening meal and as to whether she gave attention to the care of his sleeping room. On all of these disputed matters, however, the trial court has given credence to the evidence adduced by the plaintiff rather than that of the defendant, and under the familiar principle which governs the actions of appellate courts in reviewing the decisions of trial courts of chancery we would not be warranted in disturbing the finding of the trial chancellor on these issues of fact unless we were forced to the conclusion that such finding was against the clear preponderance of evidence or at variance with undisputed evidence. *Kincaid* v. *Evans,* 106 W. Va. 605, and cases there cited. The plaintiff testifies that the evening before he moved out of the house he had a talk with his wife and said to her, in substance, that if she would not re-consider and decide to live with him as his wife, he expected to leave the home the next day, and that she thereupon said she "hoped the Hell" that he would leave and not make a bluff like he did the last time. This is not denied by her. "The last time" referred to in that statement was the occasion when a difference occurred between them in 1922, a reconciliation more or less satisfactory being then effected.

It is insisted on behalf of the defendant that though she broke off sexual intercourse with her husband, that fact does not sustain the decree of the trial court on either the ground of desertion or cruel and inhuman treatment, citing *McKinney* v. *McKinney,* 77 W. Va. 58, and *Reynolds* v. *Reynolds,* 68 W. Va. 15. It is true, as held in those cases, the denial of sexual intercourse does not constitute cause for wilful desertion and abandonment, but this case does not stand on that proposition. We have here not only the wrong and unjustifiable denial by the wife of sexual relation with her husband

694

over a long period of time, but we have also the further improper conduct on her part of substantial desertion of her husband though they continued to live in the same house down to the time he left because of the intolerable conditions that there obtained. A wife may not conduct herself in this manner and expect to receive the sanction of a court of equity. This case comes within the law applied in the case of *Perine* v. *Perine*, 92 W. Va. 530, wherein recognition was given to the unquestioned and meritorious principle that the withholding by one spouse from another of social relations and discharge of marital duty constitutes desertion though the parties occupy the same house.

Finding from the record that the defendant created in her home a condition of affairs which the law did not require plaintiff to endure indefinitely and that he finally left the home because of that condition, we are of opinion that the trial court committed no error in denying to the wife a divorce on the ground of desertion of her by her husband as alleged in her cross-bill, and in granting to the plaintiff a divorce from the defendant from bed and board on the ground of her desertion of him.                                    *Affirmed.*