RUSSELL V. SMITH *v.* MABEL P. SMITH

(No. 8073)

Submitted May 7, 1935. Decided May 21, 1935.

*W. Merle Watkins* and *Harry Friedman,* for appellant.
*W. Bruce Talbott* and *Hugh R. Warder,* for appellee.

WOODS, JUDGE:

Mabel P. Smith complains of a decree of the circuit court of Taylor County, in which her husband, Russell V. Smith, was awarded a divorce *a vinculo,* on the ground of desertion.

The parties were married October 16, 1911. No children were born as a result of this union. They lived during the period 1921 to December 3, 1932, at Grafton, in a house in which the wife had a one-half interest, subject to her mother's dower interest. On the latter date, plaintiff left this house, as he claims because of the cessation on the part of the wife, of certain marital duties. The defendant has been a wage-earner during practically the entire period of her married life, and has not only clothed herself and taken care of her own medical and hospital bills, but has contributed to the upkeep of the house and the usual household expenses. During the period 1925 to 1928, inclusive, she was a justice of the peace of Fetterman district, Taylor county.

The bill charges that since March, 1926, defendant, without any justification, has denied plaintiff sexual intercourse, and that there has been an unwarranted suspension of a few other marital privileges and duties. In her answer, the defendant makes denial of the foregoing, and avers, among other things, that she was ill in the spring of 1926, and that, although she has been willing that plaintiff have access to and occupy her bed, plaintiff has made no advances, and by way of cross-bill charges plaintiff with having deserted her on December 3, 1932, and prays that she may have a divorce *a mensa,* and alimony.

Although the husband testifies that he was denied the privilege of sexual intercourse on a few occasions, he fixes but one date, to-wit, March 11, 1926. The record shows that the wife was ill about that time, and, as a result of such illness, submitted to a major operation. Sixteen to eighteen months thereafter, the husband left the bed of his wife, and, until December 3, 1932, when he left the home, occupied a room separate and apart from her. In support of the wife's alleged failure in the discharge of other marital duties, plaintiff says that inasmuch as she did not arise early, he was forced to use an outside approach (a covered porch) to the bathroom each morning, and on Sunday morning, to forego the use of the living room, in which coal was used as fuel, in order that the wife's rest might not be interrupted; and that he had to manipulate the percolator at breakfast, this morning meal

having been set out for him the night before. It appears that the hired help maintained in the home for a greater portion of the time, could have taken care of plaintiff's breakfast, if he so desired. The evidence, when taken as a whole, indicates that the foregoing conditions, in reality, were of the husband's own making, and not forced upon him, as the bill avers. A great number of witnesses testified as to the wife's good conduct and excellent qualities as a wife.

The divorce, according to the chancellor, was awarded plaintiff on the strength of *Croll* v. *Croll*, 106 W. Va. 691, 146 S. E. 880; *Perine* v. *Perine*, 92 W. Va. 530, 114 S. E. 871; and *Chandler* v. *Chandler*, 132 Va. 418, 112 S. E. 856.

"Desertion is withdrawal from cohabitation by one of the parties, with intent to abandon the other, without the other's consent, and without justification." Madden on Persons and Domestic Relations, p. 276. The foregoing is in accordance with the decisions of this state. *Burk* v. *Burk*, 21 W. Va. 445.

The denial of sexual intercourse does not constitute cause for willful desertion or abandonment. *McKinney* v. *McKinney*, 77 W. Va. 58, 87 S. E. 928. Neither the refusal of sexual intercourse, nor the fact that the parties occupy separate houses or apartments, will alone constitute good grounds for desertion. *Reynolds* v. *Reynolds*, 68 W. Va. 15, 69 S. E. 381. But, where one spouse withholds from the other all marital duty of every kind, for the statutory period, the latter is entitled to a divorce *a vinculo*. *Croll* v. *Croll, supra; Perine* v. *Perine, supra.*

There is quite a difference between the two last-mentioned cases, and the instant one. In the *Croll* case, third parties testified that the wife had informed her husband, in their presence, that she never expected to have intercourse with him again. And, further, the evidence was to the effect that the wife kept her room locked both day and night, and that she had practically invited her husband to leave the home. And in the *Perine* case, in which the wife appealed from a decree granting the husband a divorce from bed and board, this Court, in affirming the chancellor, prefaced its opinion with the following statement: "A fully proved and admitted fact is that the wife withholds from him all marital duty of every kind."

A husband can not voluntarily submit, without protest, to acts, claimed to make life intolerable, to the extent of desertion, and claim that the wife has withheld from him all marital duty of every kind. *Bacon* v. *Bacon,* 68 W. Va. 747, 70 S. E. 762; *Crouch* v. *Crouch,* 78 W. Va. 708, 90 S. E. 235. The state is an implied party to all suits for divorce, and the court must take care and in some way see that divorces are not granted contrary to law, or by suppression of evidence, collusion of the parties, or by other methods or for other purposes, in violation of law. *Wass* v. *Wass,* 41 W. Va. 126, 23 S. E. 537. Our statute specifically provides that "the bill shall not be taken for confessed, and whether the defendant answers or not, the case shall be tried and heard independently of the admissions of either party in the pleadings or otherwise; and no decree shall be granted on the uncorroborated testimony of the parties or either of them." Code 1931, 48-2-11.

In view of the foregoing, and the further fact that the husband has indicated no intention of ever returning to his wife, the latter is entitled, under the prayer in her cross-bill, to a divorce from bed and board, and alimony.

The decree of the circuit court is therefore reversed, the plaintiff's bill dismissed, and the trial chancellor directed to enter a decree awarding the wife a divorce from bed and board, and alimony in such sum as may be proper under the circumstances.

*Reversed; bill dismissed; remanded for decree on cross-bill.*