## CROW *vs.* CROW.

1. When a husband abandons his wife without just cause, on account of a difficulty occurring between them respecting her property, and soon afterwards proposes a reconciliation through the medium of a third person, which the wife refuses, declaring that " she had made up her mind not to live with him any longer," her declaration is evidence that she consented to the separation, and she cannot afterwards obtain a divorce on account of the abandonment.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. JAMES B. CLARK.

LEONORA CROW, the appellee, by her next friend Charles H. Foster, filed a bill against her husband, Joseph L. Crow, for a divorce *a vinculo matrimonii*, alleging an abandonment on his part for more than three years preceding the filing of the bill.

The evidence shows that the parties were married in 1835, and lived together until 1845, when the husband left the house in consequence of a difficulty between them respecting certain property which had been left to the wife and her children by her father, since which time he has not returned ; that the husband, in the latter part of the year 1845, sent a third person to the wife, for the purpose of seeing whether the difficulty could not be settled ; that she informed him " that she had made up her mind not to live with him any longer ; that she thought she had sufficient cause, but was not disposed to trumpet the faults of her husband to the world."

Upon this evidence the Chancellor decreed a divorce according to the prayer of the bill, and his decree is now assigned for error.

HENRY C. SEMPLE, for appellant.

A. P. BAGBY, *contra.*

GOLDTHWAITE, J.—Our opinion is, that a divorce should not have been granted in this case. The evidence, it is true, shows that the husband in the first instance abandoned the complainant without just cause, and has continued to live apart from her for more than three years before the filing of the bill; and upon this proof there would be no difficulty; but the evidence also shows that, a short time after the abandonment, the husband proposed a reconciliation, through the medium of a third person; we say proposed a reconciliation, for the witness states that he called upon the complainant, at the request of the defendant, to learn from her what was the difficulty between them, and see if it could not be made up. Her reply to this offer was, that she had made up her mind not to live with him any longer; that she thought she had sufficient cause, but was not disposed to trumpet the faults of her husband to the world. This evinced very strongly an intention on her part not to live with her husband under any circumstances, and was not justified by the character of the difficulty which resulted in the abandonment by the husband in the first instance. This difficulty, as the record informs us, grew out of property which had been left to the complainant and her children by her father, and which the husband was attempting to squander. But this would, of itself, constitute no cause of divorce; and, although the abandonment of the husband was entirely unjustifiable, yet these circumstances, taken by themselves or together, were not sufficient to sustain the wife in the course she pursued. Difficulties of this character are not irreconcilable, and the wife should not have shut the door to an amicable adjustment of them, by declaring her intention that she had made up her mind not to live with him. We rest our decision, however, on the ground that the declaration made by her, on the occasion referred to, was evidence that she consented to the separation, in which case it is perfectly clear that she is not entitled to the relief she seeks.

The Chancellor thought that the husband should have made the application in person, and it is possible that it might have resulted differently if he had pursued this course. But, in a case like the present, we are unable to perceive any good reason why the offices of a third person may not be used as the means of affecting a reconciliation, and indeed the interposition of a common friend would often be more effectual than the personal application of the husband. The policy of the law is not in favor of divorces, and the position of the wife in the present case is not such as entitles her to one.

The decree of the Chancellor must, therefore, be reversed, and a decree here rendered dismissing the bill, each party to pay one half of the costs of this court and the court below.