TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.

---

MAGGIE HILL, BY HER GUARDIAN *ad litem, Appellant,* v. CARY HILL, BY HIS NEXT FRIEND, *Appellee.*

1. The essence of a wilful, obstinate desertion by a wife consists in her refusing to live with her husband when he does his marital duty and wants her to live with him.

2. Where a very young wife without her husband's consent goes to her parent's home and soon thereafter the first child of the couple is born at her parent's home and the husband makes no proper effort in the discharge of his duty to the wife and child, and the wife and child remain with her parents, he is not entitled to a divorce on the statutory ground of a wilful obstinate desertion by his wife.

This case was decided by Division A.

Appealed from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Wm. B. Farley,* for Appellant;

*Paul Carter* and *Thos. E. Walker,* for Appellee.

WHITFIELD, C. J.—The complainant husband obtained a divorce on the ground of "wilful, obstinate and continued desertion of complainant by the defendant for one year," and the defendant wife appealed. It is alleged that

the parties were married September 8th, 1908; that shortly after the marriage the defendant wife without cause deserted the complainant husband and remained away for six weeks, but by persuasion of the husband she returned; that she then lived with complainant till July 12th, 1909, when she again without reason and without cause deserted complainant and returned to her parents' home, where she has continuously remained ever since notwithstanding complainant has tried to persuade her to return to the home of complainant, but she refuses to return, and complainant has no hopes of her ever returning because of her extreme youth and of the influence of her mother over her. The bill of complaint was not demurred to, and after final decree all fair intendments should be indulged in favor of the sufficiency of the pleading. Kirton v. Atlantic Coast Line R. Co., 57 Fla. 87, 49 South. Rep. 1024.

It is essential to prove an intention to desert where the ground upon which a divorce is sought is wilful, obstinate and continued desertion. Continued separation between husband and wife which may be consistent under the proofs with no intention to wilfully and obstinately desert, is not a desertion within the meaning of the statute. Crawford v. Crawford, 17 Fla. 180.

If a wife deserts without cause, and afterwards realizes that she has acted foolishly, and would return if the way was open for her, but her husband refrains from doing anything to induce her to return, for the purpose of making her absence a ground of divorce, her desertion is not obstinate. Trall v. Trall, 32 N. J. Eqr. 231.

The essence of the wrong of desertion by a wife consists in her refusing to live with her husband when he wants her to live with him. Newing v. Newing, 45 N. J. Eqr. 498, 18 Atl. Rep. 166.

When a husband, not entirely blameless for the act, makes no effort to prevent his desertion by his wife, and acquiesces in and appears satisfied with its continuance, he is not entitled to a divorce on the ground of desertion. Herold v. Herold, 47 N. J. Eqr., 210, 20 Atl. Rep. 375, 9, L. R. A. 696.

The evidence shows that the husband was about seventeen and the wife about fifteen years of age at the time of the marriage; that they lived for a time with the husband's parents and the wife was not happy in her new surroundings; that the couple removed to a home given by the husband's father not far from the parental home; that life here was not happy for the young wife, because of the uncongeniality of the husband's parents; that the first time the wife left the husband as alleged it was to visit her parents not far off; that on July 12, the wife went to visit her parents and met her husband at church the next day; that they disagreed there and she returned to the home of her parents and he to his home. There was little if any communication between the couple thereafter; and in September, 1909, a child was born to the couple. It clearly appears that the husband made no proper and sufficient manly effort to prevail upon his wife to return to his home. The birth of the child two months after her return to her parents' home is some justification for remaining there, and it does not appear that the husband paid any attention whatever to his child or manifested any desire to do so as he should have done, there being no indication that he could not have done so had he desired to, even though he was not on very friendly terms with his wife's parents. This condition did not relieve the complainant of his obligation as husband and father, but imperatively demanded persistent effort in the line of parental duty. He failed to do his full duty, and this

indicates a desire on his part to allow time to mature a cause of divorce on the ground of desertion. The entire evidence does not show a wilful, obstinate desertion of the husband by the wife, particularly in view of the peculiar duties due from the husband and father to his wife and infant child under the circumstances disclosed by the record. It is his duty to do all in his power to make a happy home for his wife and child, and to make the relations between the wife and his parents as pleasant as possible. This case is wholly unlike that of Hudson v. Hudson, 59 Fla. 529, 51 South. Rep. 857.

The evidence does not show a wilful and obstinate deser tion of the complainant by the defendant and the decree is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.