# Israel *v.* Israel.

## *Divorce.*

(Decided December 18, 1913.  64 South. 67.)

*Divorce; Abandonment.*—If the wife be compelled by the conduct of her husband to leave him for her own comfort and happiness, the abandonment is not voluntary; in such cases, however, the evidence should be clear and satisfactory that the abandonment was voluntary and without fault on the part of the other party.

APPEAL from DeKalb Chancery Court.

Heard before Hon. WILLIAM H. SIMPSON.

Bill by George Israel against Annie Israel for divorce on account of abandonment. Decree for complainant and respondent appeals. Affirmed.

ISBELL & SCOTT, for appellant. Counsel discuss the evidence with the insistence that no voluntary abandonment is shown.

[Israel v. Israel.]

McCord & Orr, for appellee. Counsel insist that the chancellor found the facts correctly, and that the appeal should be affirmed.

DOWDELL, C. J.—This is a bill for divorce, by the husband against the wife, on the ground of voluntary abandonment. The cause was submitted on the pleadings and proof for final decree, and a decree was rendered by the chancellor, in favor of the complainant, granting the divorce as prayed for in the bill. From this decree, the present appeal is prosecuted.

The only question presented which we need consider is one of fact. In such cases the evidence should be clear and satisfactory that the abandonment by the wife was voluntary, and without fault on the part of the husband. That is to say, the husband must not, by his own wrong or ill treatment, cause the wife to abandon him. In such a case, if the wife be compelled, by the conduct of the husband toward her, for her own comfort and happiness, to leave him, the abandonment could not be termed voluntary.

In the present case, a careful consideration of the whole evidence leads us to the conclusion that the abandonment on the part of the wife was voluntary, and without any bad treatment of her by the husband before the abandonment. In fact, the abandonment by the wife is not denied. She seeks, however, to put the blame on her husband; but in this respect the evidence, we think, wholly fails. It is unnecessary to review here the evidence in detail, and, while there is some conflict in the evidence, the great weight of it sustains the chancellor in his conclusion. We see no reason for disagreeing with the chancellor, and his decree will be affirmed.

Affirmed.

ANDERSON, MAYFIELD, and DE GRAFFENRIED, JJ., concur.