# Dabbs v. Dabbs.

### Divorce.

(Decided April 6, 1916. 71 South. 696.)

1. **Divorce; Voluntary Abandonment; Statute.**—Under subdivision 3, § 3799, Code 1907, where the husband compelled the separation by compelling the wife to leave the domicile, taking with her several minor children which she was compelled to raise, there was not a voluntary abandonment; and the fact that many years after he compelled the separation complainant went to the house established by the wife and there remained with her about a month, and then left without any reason given by her, such association with his wife did not exonerate him from the consequences of his previous conduct, and re-establish their relations in such a sense as to render her culpable in any degree.

2. **Same; Abandonment.**—A husband may as effectually abandon his wife by putting her away from him and denying her the privilege of dwelling with him, as by going away from their former residence and leaving her there, and not permitting her to live with him.

3. **Same; Cross Bill; Alimony.**—Where the decree granting the husband a divorce was reversed for a failure to prove the grounds alleged, the dismissal of the original bill did not have the effect to strike down the wife's cross bill seeking permanent alimony upon the contingency that the divorce be granted, but such cross bill will be remanded to enable the cross complainant to amend and proceed as she might be advised, she having been granted the prayer of her bill, and reference ordered to determine the amount to be allowed for alimony, and a reasonable solicitor's fee.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

[Dabbs v. Dabbs.]

Bill by W. H. Dabbs against Elizabeth Dabbs for divorce, with cross-bill by respondent, seeking permanent alimony in case the divorce should be granted. Decree for complainant and respondent appeals. Reversed and rendered on original appeal, with dismissal of original bill, and cause remanded on cross appeal.

ESTES, JONES & WELSH, for appellant. PINKNEY SCOTT, for appellee.

MCCLELLAN, J.—(1) Bill by the husband for divorce; the single ground assigned being the wife's "voluntary abandonment" of the husband's "bed and board." The overwhelming weight of the evidence disproves the ground upon which the complainant rests his prayer for a dissolution of the marriage bonds. The conclusion is unescapable that the complainant compelled the wife's departure from his domicile, a departure that included her taking with her the several minor children of the union, and resulted in her unaided rearing of them. Obviously a separation thus enforced by the husband could not be a "voluntary" abandonment within the purview of subdivision 3, § 3793, of the Code.

(2) The complainant went to the place of residence established by the wife, many years after he had compelled her departure from his domicile, and there remained with her about 32 days, and upon the expiration of that period the complainant left the wife's dwelling. From the evidence there can be no doubt that complainant left her dwelling without any reason or excuse therefor, afforded by her conduct, and in the heat of a temper and ill will towards her that had characterized their association before he compelled her departure from his domicile. According to the evidence here presented, it cannot be soundly ruled that his reassociation with his wife, after many years of separation, alone attributable to his very reprehensible treatment of her and of the children of the union—years devoted by her to the unassisted rearing of several of their children— served to exonerate him from the consequences of his previous conduct that compelled her departure from his domicile, and to so re-establish their relation as to render her culpable in any degree, or to justify any suggestion that his leaving her dwelling was or could be the basis of a charge that she then voluntarily abandoned him.

[Dabbs v. Dabbs.]

"A husband may as effectually abandon his wife by putting her away from him and denying her the privilege of dwelling with him as by going off himself from their former residence, leaving her there, and not permitting her to live with him."—*Jones v. Jones*, 95 Ala. 443, 451, 11 South. 11, 13 (18 L. R. A. 95).

The decree, in so far as it dissolves the bonds of matrimony, as prayed in complainant's bill, is reversed, and a decree will be here rendered dismissing his bill.

(3) The cross-bill of the respondent (appellant) sought permanent alimony upon the contingency that the bonds of matrimony should be dissolved as prayed in complainant's bill. The court, following the awarding of the relief sought by complainant's bill, granted the stated prayer of the cross-bill and ordered a reference to the register to ascertain a reasonable sum to be allowed for permanent alimony, as well as to ascertain the amount of a reasonable solicitor's fee for obtaining such alimony as might be awarded. Since alimony may be awarded even though no dissolution of the marital bonds is effected (*Glover v. Glover*, 16 Ala. 440; *Downey v. Downey*, 98 Ala. 373, 13 South. 412, 21 L. R. A. 677), and since the evidence here presents a clear case for the exaction of a reasonable contribution by the complainant (respondent in the cross-bill) to the support of his wife, who, after bearing him 10 children and without his aid rearing several of them, is now well past middle age, we have determined to remand the cause, that the cross-complainant may amend her cross-bill and proceed in the premises as she may be advised; the dismissal of the original bill not operating to strike down the cross-bill, which possessed an independent basis for relief.

The decree is reversed and rendered in part, and the cause is remanded. The cost of the appeal will be taxed against the appellee.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.