(85 South. 374)

**PENTECOST v. PENTECOST.    (7 Div. 39.)**

(Supreme Court of Alabama.    April 8, 1920.)

**Divorce ⬅=>37(3)—Facts held not to constitute abandonment by wife.**

There was no voluntary abandonment by the wife, which being continued for two years authorizes divorce, and for which there must have been final departure, without consent of the other spouse, without sufficient reason therefor, and without intention to return; she having been taken by her parents to their home because of her poor health and her husband's failure to make provision for her and their sick child, and she having during the two years made repeated overtures for returning, which were rejected.

Appeal from Circuit Court, Etowah County; O. A. Steel, Judge.

Bill by W. M. Pentecost against Myrtle Pentecost for divorce, with cross-bill by Myrtle Pentecost for alimony and for support and custody of the child. From a decree denying complainant relief and granting respondent relief on her cross-bill, complainant appeals. Affirmed.

P. E. Culli, of Gadsden, for appellant.

Under the pleadings and proof, complainant was entitled to relief. 178 Ala. 121, 59 South. 48; 74 South. 971.

Hugh White, of Gadsden, for appellee.

The court properly granted relief to respondent. 95 Ala. 451, 11 South. 11, 18 L. R. A. 95.

THOMAS, J. The appeal is from a decree denying divorce to complainant, sustaining respondent's cross-bill praying for temporary and permanent alimony, and for the custody and control of their children.

The complainant husband's case was rested on voluntary abandonment for two years. Respondent in her cross-bill asked for no divorce, that same be disallowed the husband, and prayed for alimony and custody and control of her children.

To authorize a divorce for abandonment there must have been a final departure, without the consent of the other party to the marriage, without sufficient reason therefor, and without the intention to return. Dabbs v. Dabbs, 196 Ala. 164, 71 South. 696; Mayo v. Mayo, 74 South. 971; [1] Brown v. Brown, 178 Ala. 121, 59 South. 48; Jones v. Jones, 95 Ala. 443, 11 South. 11, 18 L. R. A. 95. A careful consideration of the evidence shows a pitiful condition of the wife as to her health and lack of provision on the part of the husband for her and their sick child; that while so circumstanced she and the child were taken by her parents to their home; and that since this time the wife has made repeated overtures to the husband, which have been rejected. He was properly refused a divorce. Observations made by Mr. Justice Sayre in Brown's Case have application here —of the husband's conduct and failure properly to provide for the wife which forced her of necessity to leave the husband's home for that of her parents, where she repented and sought reconciliation with the husband. We cannot read the record with reasonable satisfaction that when the wife was carried by her parents to their home it was not without sufficient reason, and that she left the home of her husband with the intention not to return or that she did not desire and seek to return within the two-year period. The whole conduct of the wife must be looked to

---

⬅=>For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 199 Ala. 551.

as showing her real intention, and not merely the circumstances immediately preceding and at the time she was taken to the home of her parents. There is a locus pœnitentiæ for the statutory period of two years this appellant's counsel apparently overlooked. Holston v. Holston, 23 Ala. 777, 780; Crow v. Crow, 23 Ala. 583; Gray v. Gray, 15 Ala. 779, 784; Jones v. Jones, 13 Ala. 145; 1 Bishop's Mar. & Div. §§ 1683, 1689, 1699, 1705; 1 Nelson's Div. §§ 66, 73, 85; 14 Cyc. 616, 617; Herold v. Herold, 47 N. J. Eq. 210, 20 Atl. 375, 9 L. R. A. 696; Newing v. Newing, 45 N. J. Eq. 498, 18 Atl. 166; Alkire v. Alkire, 33 W. Va. 517, 11 S. E. 11.

The judgment of the circuit court, in equity, is affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.