(90 South. 794)
## STONE v. STONE.    (6 Div. 403.)

(Supreme Court of Alabama.   Oct. 27, 1921.)

1. Divorce ⬅133(3)—Husband must show clearly that ill treatment did not cause abandonment.

In action by husband for divorce on ground of abandonment, evidence should be clear and satisfactory that the abandonment was voluntary and without fault on his part.

2. Divorce ⬅37(8)—Husband assenting to separation must show revocation to obtain divorce for abandonment.

Where husband assents, either expressly or by implication, to a separation or to wife's continued absence, he is not entitled to a divorce on ground of abandonment until he has revoked that consent by seeking a reconciliation by something more than a mere request for her return unaccompanied by an offer in any sense of protection, maintenance, or a home, or a manifestation of any sincere desire to reinstate her to the conjugal relation.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by J. P. Stone against Katie B. Stone. From a decree for plaintiff, defendant appeals. Reversed and rendered in part, and in part affirmed.

The bill was based upon the statutory grounds of voluntary abandonment. Respondent's answer denied that she voluntarily abandoned complainant, and asserts that she left him under the compulsion of cruel and inhuman treatment and threats of violence. It shows that there are three children, aged 7, 5, and 4, respectively, in the custody of respondent, who is without means and dependent upon her small salary for support. The answer is made a cross-bill with prayers with reference to ascertain the amount of complainant's property and estate and also of respondent's; to provide attorney's fees and temporary alimony; for permanent ali-

mory and the custody of the three children. Matters of solicitor's fees and temporary alimony were disposed of by decree and agreement of the parties and are not involved in this appeal. On final hearing the court granted the relief prayed by complainant, divorced him from respondent, and taxed him with the cost. Relief was also granted to respondent under her cross-bill by awarding to her the custody of the children and ordering a reference to ascertain what would be a reasonable sum to be allowed as permanent alimony.

H. M. Abercrombie and James Barton, both of Birmingham, for appellant.

The court erred in granting the relief under the proof. 84 Ala. 367, 4 South. 590; 95 Ala. 443, 11 South. 11, 18 L. R. A. 95; 178 Ala. 121, 59 South. 48; 185 Ala. 39, 64 South. 67; 67 Fla. 143, 64 South. 546; 51 N. J. Law, 319, 18 Atl. 66; 34 Ala. 516; 29 Ala. 719; 178 Ala. 121, 59 South. 48; 20 Ala. 168; 37 Ala. 395. The wife did not desert. 62 Fla. 493, 56 South. 941, 39 L. R. A. (N. S.) 1117; 67 Fla. 143, 64 South. 546; 45 N. J. Eq. 498, 18 Atl. 166.

Palmer Daugette, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. We have given careful consideration to the testimony in this cause. An argumentative discussion of it would be unpleasant as well as unprofitable, and we shall therefore simply state our conclusion.

[1] "In such cases the evidence should be clear and satisfactory that the abandonment by the wife was voluntary, and without fault on the part of the husband. That is to say, the husband must not by his own wrong or ill treatment cause the wife to abandon him. In such a case, if the wife be compelled, by the conduct of the husband toward her, for her own comfort and happiness, to leave him, the abandonment could not be termed voluntary." Israel v. Israel, 185 Ala. 39, 64 South. 67.

From the evidence as a whole, including some weighty admissions found in complainant's own testimony, we are reasonably satisfied that he was not free from fault in causing the abandonment complained of.

[2] And "where the husband assents either expressly or by implication to the separation or to the wife's continued absence, he will not be entitled to a divorce until he has revoked that consent by seeking a reconciliation by something more than a mere request for her return, unaccompanied by an offer in any sense of protection, maintenance, or a home, or a manifestation of any sincere desire to reinstate her to the conjugal relation." Note to Hill v. Hill, 39 L. R. A. (N. S.) 1117, 1122 (62 Fla. 493, 56 South. 941).

Complainant's own testimony shows that he had made provision for the family housekeeping contingently upon respondent's departure from his home; that he assisted her in her preparation to depart on a previous occasion; and that he informed her shortly before her departure that if she went away "she was not coming back." These circumstances, in connection with other positive testimony, lead to the conclusion that complainant has assented to respondent's continued absence since her departure, and would not be entitled to a divorce on the ground of abandonment until he has revoked that assent and held out to respondent the opportunity to return and resume the suspended marital relation.

The decree of the circuit court will be reversed as to the relief granted on the original bill, and a decree will be here rendered denying that relief.

In other respects the decree will be affirmed, and the cause will be remanded for reference and report as ordered.

Reversed and rendered in part, and affirmed in part.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.