(101 South. 181)
PHILLIPS v. PHILLIPS.    (7 Div. 486.)

(Supreme Court of Alabama.   June 26, 1924.)

**1. Divorce ⬤➡37(16)—Abandonment must be without sufficient reason.**

To warrant divorce for wife's abandonment it must have been without sufficient reason.

**2. Husband and wife ⬤➡3(1) — Husband has right to select domicile.**

Husband is head of family, and has right to select his own domicile, but this right should be reasonably and not arbitrarily exercised.

**3. Divorce ⬤➡133(3)—Voluntary abandonment held sufficiently established.**

Voluntary abandonment by wife held sufficiently established by proof.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Bill for divorce by Monroe Phillips against Delia Ann Phillips. From a decree for complainant, respondent appeals. Affirmed.

Frank B. Embry, of Pell City, for appellant.

The abandonment was not voluntary, and divorce should not have been granted. Brown v. Brown, 178 Ala. 121, 59 South. 48; Mayo v. Mayo, 199 Ala. 551, 74 South. 971; Pentecost v. Pentecost, 204 Ala. 152, 85 South. 374; Dabbs v. Dabbs, 196 Ala. 164, 71 South. 696.

Conley Merchant, of Ashville, for appellee.

The domicile of the wife is that of her husband. Strouse v. Leipf, 101 Ala. 433, 14 South. 667, 23 L. R. A. 622, 46 Am. St. Rep. 122.

GARDNER, J. Suit by the husband against the wife for divorce upon the ground of voluntary abandonment. From a decree granting divorce, the wife has prosecuted this appeal.

It is very clearly established that the wife left the husband without his consent, and with all indications of a final departure, without intention to return, and that they have lived separate and apart for more than two years next preceding the filing of this bill appears without dispute.

[1] The defense rests upon the theory that she did not leave without sufficient reason therefor; this being one of the essential elements established by our decisions in cases of this character. Brown v. Brown, 178 Ala. 121, 59 South. 48; Pentecost v. Pentecost, 204 Ala. 152, 85 South. 374.

The reason assigned is the unhealthy condition of the husband's home, and this condition is attributed solely to the water procured from the spring They lived at this home for 9 years. They suffered the loss of two children during that period, but the evidence tends rather to indicate their death was due to tubercular trouble, and not the water. The husband states the water is all right, and it seems that the wife made no complaint during all this period until after the death of the last child, which was the time of the separation Yet, if in fact this was the trouble it would appear as one easily to be remedied.

[2] It is of course recognized as the established rule that the husband is the head of the family, and as such has the right to select his own domicile, but that this right should be reasonably and not arbitrarily exercised. Spafford v. Spafford, 199 Ala. 300, 74 South. 354, L. R. A. 1917D, 773.

[3] The husband, without question, provided for the family as best he could. His home was an humble one, but it was his own. He testifies that the house was on a hill, the ground around it rocky and dry, and no one disputes it. But a detailed discussion of the evidence is not intended, and would serve no useful purpose. Suffice it to say, it has been given careful consideration, and we are not persuaded the abandonment by the wife was not voluntary but due to a fear for the health of herself and children. We are rather impressed with the view that she tired of the life in the country and merely wished to move and live elsewhere.

We are of the opinion a case of voluntary abandonment was sufficiently established by the proof, and that the court below properly so decreed.

The decree is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.