### STEPHENSON v. STEPHENSON.
### (8 Div. 747.)

(Supreme Court of Alabama. June 18, 1925.)

Divorce ⬳93(4)—Charge of voluntary abandonment in bill for divorce, which followed statute, held sufficient.

In a bill for divorce a charge in language of the statute, section 7407, subd. 3, Code 1923, that defendant voluntarily abandoned complainant's bed and board and never returned to live with him *held* sufficient, without averments that abandonment was without intent to return, without consent of complainant, or without sufficient cause or reason.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Bill for divorce by Robert Stephenson against Kate Stephenson. From a decree overruling demurrer to the bill, respondent appeals. Affirmed.

Sample & Kilpatrick, of Hartsells, for appellant.

To authorize a divorce on the ground of abandonment, there must be a final departure of the wife without the consent of the husband, and this departure must be without sufficient reason therefor and without the intention to return. The averments of the bill are insufficient. Mayo v. Mayo, 199 Ala. 551, 74 So. 971; Pentecost v. Pentecost, 204 Ala. 152, 85 So. 374; Brown v. Brown, 178 Ala. 121, 59 So. 48; Gray v. Gray, 15 Ala. 779.

Almon & Almon, of Albany, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. Appellee filed this bill, charging abandonment and praying for a decree of divorce. Defendant demurred, and, her demurrer being overruled, has appealed.

---

The language of the amended bill—which in other respects we may take as concededly sufficient, since no other objection is alleged against it—is:

"As they lived together as man and wife in Morgan county, Ala., until the 23d day of March, 1921, when respondent voluntarily abandoned the bed and board of complainant, and never returned to live with him."

In rather a casual way it is said that this is no direct charge of "voluntary abandonment"; but this criticism of the bill is without merit. It is argued that the bill is defective in that it fails to aver that the abandonment was without intent to return, was without the consent of complainant, or without sufficient cause or reason. The language of the bill is the language of the statute, which (section 7407, Code 1923, subsection 3) authorizes a decree of divorce "for voluntary abandonment from bed and board for two years next preceding the filing of the bill," and in our judgment this is sufficient. 7 Encyc. Pl. & Pr. 76. Defendant, appellant, cites cases (Pentecost v. Pentecost 204 Ala. 152, 85 So. 374; Mayo v. Mayo, 199 Ala. 551, 74 So. 971; Brown v. Brown, 178 Ala. 121, 59 So. 48) which hold that, to authorize a divorce for abandonment, there must have been a departure without the consent of the complainant, and without the intention to return. In respect of the matter of proof this assertion is entirely true; but, as for the matter of averment, we think the bill is sufficient. Appellant cites, also, Gray v. Gray, 15 Ala. 779; but that case holds nothing to the contrary of what we have said. In that case it was averred that defendant had abandoned complainant "without the intention of returning, for the space of three years next before the filing of the bill," and this averment was held good; but the court did not hold that the averment "without the intention of returning" was essential to the equity of the bill.

The court is of opinion that the decree overruling the demurrer to the bill should be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.