(112 So. 119)

## STEPHENSON v. STEPHENSON.
### (8 Div. 902.)

(Supreme Court of Alabama. March 24, 1927.)

**1. Evidence ⬤⟝43(2)—Supreme Court will take judicial notice of its records in the case.**

Where there have been previous appeals concerning the same case, Supreme Court will take judicial notice of its records.

**2. Divorce ⬤⟝37(1)—To support decree against wife for abandonment, she must have voluntarily abandoned husband without his fault or consent, not intending to return (Code 1923, § 7407).**

In order to support a decree of divorce in favor of husband on the ground of voluntary abandonment, the abandonment must have been voluntary, for time prescribed by Code 1923, § 7407, without fault on the part of the husband, without intent of wife to return, and without husband's consent.

**3. Divorce ⬤⟝37(7)—Husband, consenting to wife's leaving home because of ill treatment by his mother, and not attempting reconciliation, held not entitled to divorce for abandonment.**

Where wife left home because of ill treatment by her mother-in-law without intention of permanently leaving her husband and with his consent, and where husband never revoked his consent or indicated willingness to have her return under proper conditions, husband *held* not entitled to divorce.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Bill for divorce by Robert Stephenson against Kate Stephenson, and cross-bill for alimony by the defendant. From a decree dismissing the original bill and granting relief under the cross-bill, complainant appeals. Affirmed.

Almon & Almon, of Albany, and Wert & Hutson, of Decatur, for appellant.

Nothing short of the ground of divorce in favor of the wife against the husband can defeat the right of the husband to a divorce from the wife because of her abandonment of him. Jones v. Jones, 95 Ala. 443, 11 So. 11, 18 L. R. A. 95.

Sample & Kilpatrick, of Hartsells, for appellee.

Where the husband assents, either expressly or by implication to the separation or to his wife's continued absence, he will not be entitled to a divorce for abandonment until such assent has been revoked by some positive act on his part. Stone v. Stone, 206 Ala. 568, 90 So. 794; Israel v. Israel, 185 Ala. 39, 64 So. 67; Hill v. Hill, 62 Fla. 493, 56 So. 941, 39 L. R. A. (N. S.) 1117; Pentecost v. Pentecost, 204 Ala. 152, 85 So. 374; Dabbs v. Dabbs, 196 Ala. 164, 71 So. 696.

THOMAS, J. [1] The decree grants the wife a small sum for alimony. The court takes judicial knowledge of its records in the case. N. C. & St. L. R. Co. v. Crosby, 194 Ala. 338, 70 So. 7; Stephenson v. Stephenson, 213 Ala. 382, 105 So. 183; Stephenson v. Stephenson, 213 Ala. 545, 105 So. 867.

The whole record has been carefully examined, and it sustains the decree of the trial court.

[2] The law of such a case has been often declared. To support a decree in favor of the husband on the ground of voluntary abandonment of the wife, under our statutes, the several evidentiary facts must coexist. The abandonment must (1) have been voluntary and for the time prescribed (section 7407, Code; Stephenson v. Stephenson, 213 Ala. 382, 105 So. 183); (2) without fault on the part of the husband (Stone v. Stone, 206 Ala. 568, 90 So. 794); (3) without intent to return (Pentecost v. Pentecost, 204 Ala. 152, 85 So. 374; Dabbs v. Dabbs, 196 Ala. 164, 71 So. 696); and (4) without the consent of the husband (Pentecost v. Pentecost, supra; Dabbs v. Dabbs, supra); (5) a mere request for the wife's return will not be sufficient under continuing circumstances that drove her away—his not recognizing and distinguishing the paramount conjugal duties (Stone v. Stone, 206 Ala. 568, 90 So. 794; Pentecost v. Pentecost, 204 Ala. 152, 85 So. 374; Israel v. Israel, 185 Ala. 39, 64 So. 67).

[3] The burden was upon the husband under the evidence. In this he has failed. The evidence is practically without dispute that the mother-in-law's conduct towards the wife was such that she was driven from her husband's home; that she left with an agreement from the husband to bring the child and come to see her in a few days; that all along before she left she urged her husband to provide them a separate home, and, when he failed to come and bring the child, she wrote him, urging that he provide a separate home, and that they live together as a man and wife should. There was no real difficulty or trouble between the husband and wife. The disturbing factor was the dominance of the mother of her son and her ill treatment of the daughter-in-law. The leaving was not voluntary, but was enforced by the conditions to which we have adverted; it was not thought by the wife to be final, with no intention to return to her husband, and she left with his consent. Since she had returned to her father's house, the husband has not revoked that consent, or requested or indicated a willingness to have her return. He evidenced a persistence in his position on the witness stand; showed that he had rejected the wife's overtures to return under proper conditions. He has not sought in good faith a reconciliation. Stone v. Stone, 206

---

⬤⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ala. 568, 90 So. 794; Jones v. Jones, 13 Ala. 145.

The judgment should be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.