## DUGGAN v. DUGGAN.

I Div. 767.

Supreme Court of Alabama.

May 25, 1933.

Application for Rehearing Withdrawn June 17, 1933.

Inge, Stallworth & Inge, of Mobile, for appellant.

Gordon, Edington & Leigh, Wm. C. Taylor, and Rosa Gerhardt, all of Mobile, for appellee.

BROWN, Justice.

Bill filed by the husband against the wife August 15, 1932, seeking a divorce from the bonds of matrimony on the ground, to quote from the bill, "That more than two years preceding the filing of this bill of complaint and on, to-wit, June 18th, 1930, respondent, without just or legal cause, voluntarily abandoned and deserted orator and the common home provided by orator and occupied by them as such, and has never since lived with orator."

The defendant answered denying that she voluntarily abandoned the complainant, and alleges neglect and failure of the complainant to provide for the defendant and maintain their home, and makes her answer a cross-bill, praying for alimony, temporary and permanent.

Pending a hearing on the motion, the court on motion of the respondent entered an interlocutory decree referring to the register the matter of ascertaining a reasonable allowance to the defendant as alimony pendente lite and solicitors' fees. The reference was held and the register's report confirmed by the court on January 16, 1933.

Thereupon, on the same day, the cause was submitted for final decree on testimony taken ore tenus in the presence of the court, the testimony being duly noted, and a decree of divorce was entered as prayed in the original bill, and the cross-bill was dismissed.

This appeal is prosecuted from the final decree.

The appellant's first and major contention is that evidence does not support the averments of the bill that respondent, for more than two years immediately preceding the filing of the bill, voluntarily abandoned the complainant.

The appellee, on the other hand, invokes the rule established by the decisions of this court that, where the evidence is given ore tenus and is in conflict on the controlling issues, the judgment and conclusion of the trial court should be accorded the weight of the verdict of a jury, and unless the great weight of the evidence is against the conclusion of the trial court, it should not be disturbed. Higgins v. Higgins, 222 Ala. 44, 130 So. 677; Marsh v. Elba Bank & Trust Co., 205 Ala. 425, 88 So. 423.

However, where the material and controlling facts are established by the undisputed evidence, though in minor details the evidence is conflicting, the rule invoked by the appellee is not applicable. Marsh v. Elba Bank & Trust Co., supra; Bowling v. State, 204 Ala. 405, 85 So. 500; Scott v. McGriff, 222 Ala. 344, 132 So. 177.

After a careful and painstaking examination of the evidence in the record, our judgment is that the complainant has failed to meet and carry the burden of showing that the defendant voluntarily abandoned the complainant for two years prior to the filing of the bill, and therefore was not entitled to a decree of divorce. Stephenson v. Stephenson, 215 Ala. 545, 112 So. 119.

In view of this conclusion, and that the parties are to remain husband and wife, no good purpose can be subserved by a detailed discussion of the evidence.

Without going into the question of the defendant's intention as to abandonment when she left the home in June or July, 1930, to visit Milwaukee, her former home, where the parties were married fifteen years before, it appears without dispute that she returned and made overtures of reconciliation within the statutory period, and on the appellee's suggestion dismissed her bill for alimony which she had caused to be filed after leaving on her visit north, and these overtures for reconciliation were, if made in good faith, sufficient to interrupt the operation of the statute and prevent the husband from obtaining a divorce on the ground of abandonment. Hanberry v. Hanberry, 29 Ala. 719; Crow v. Crow, 23 Ala. 583.

We entertain no doubt that the defendant's offer to return to the marital relation was in good faith.

94

The decree of the circuit court is therefore reversed, and a decree will be here rendered dismissing the original bill. Unless the offers of reconciliation by the defendant are accepted by the complainant, she is entitled to an allowance as alimony, without divorce, as prayed in her cross-bill. The decree, in so far as ít dismisses the cross-bill, is also reversed and relief granted to the defendant as prayed in the cross-bill, and the cause is remanded to the circuit court to ascertain and fix such reasonable allowance.

Reversed, rendered and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.