20 So.2d 515

## KIDD v. KIDD.

### 6 Div. 276.

Supreme Court of Alabama.

Jan. 18, 1945.

Jones, Dominick & McEachin, of Tuscaloosa, for appellant.

Wright & Smith, of Fayette, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling demurrers to a bill for divorce based on voluntary abandonment for the statutory period. The bill contains the following allegations:

"1. That complainant * * * is a bona fide resident citizen of Fayette County, Alabama, and has been such for more than two years next preceding the filing of this Bill of Complaint and is at present serving in the armed forces of the United States * * *.

"2. That Complainant and Respondent were married to each other in Fayette, Alabama, on or about November 3, 1937, and thereafter lived together as husband and wife in Fayette County, Alabama, until on or about March 15, 1941, at which time the Respondent voluntarily abandoned the bed and board of Complainant without just cause or legal excuse therefor, and has not since said time returned to, or offered to return to Complainant's bed and board."

Appellant contends that the bill of complaint is defective because it does not negative cohabitation and sexual relationship between the husband and wife during the statutory period. It is argued that since the allegations attempt to set up the facts, the allegations should include facts which negative such cohabitation and sexual relationship, especially since complainant is in the military service. The position is taken that since complainant is in the armed forces of the United States, he has no bed and board to offer respondent or which respondent could decline. The contentions are not sound.

In the case of Stephenson v. Stephenson, 213 Ala. 382, 105 So. 183, this court had before it allegations substantially similar to those in the case at bar, except as to the allegations of military service. In that case the averments were held good. In the later case of Nelson v. Nelson, 244 Ala. 421, 14 So.2d 155, 156, the foregoing decision was cited with approval and this court among other things said: "* * * to constitute voluntary abandonment within the meaning of the statute, 'there must be a final departure, without the consent of the other party, without sufficient reason therefor and without the intention to return,' yet all these facts need not be set out in the bill. * * * Nicety of pleading in cases of this character is not required * * * and in bills seeking di-

vorce upon this ground the broad language of the statute should suffice."

In the still later case of Campbell v. Campbell, 19 So.2d 354,[1] this court dealt with a situation where there was sexual relationship within the statutory period, without intention of living together as man and wife. It was there held that such acts under such circumstances did not restore the marital relation.

It should be kept in mind that we are here dealing, as was pointed out in Stephenson v. Stephenson, supra, only with the allegations necessary to make out a prima facie case under the statute and not with the case in its entirety. If the relations are such as that connivance or condonation exists, this should be shown by defensive pleading. Chamberlain v. Chamberlain, 245 Ala. 105, 16 So.2d 8.

The bill shows that the voluntary abandonment began on or about March 15, 1941. The bill was filed on April 27, 1944. There is nothing to show when induction into the military service took place. There is nothing to show that military service had any effect on the voluntary abandonment either when voluntary abandonment began or subsequently during the statutory period. The mere fact of complainant's military service, without more, does not negative the respondent's voluntary abandonment, without intention to return.

The decree of the lower court is without error and since the time for answer fixed by the lower court has expired, the lower court will allow such further time as it may deem proper.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.