29 So.2d 676

## REACH v. REACH.

### 6 Div. 447.

Supreme Court of Alabama.

March 6, 1947.

Rehearing Denied April 10, 1947.

K. C. Edwards and Fred G. Moore, both of Birmingham, for appellant.

Ben F. Ray, of Birmingham, for appellee.

STAKELY, Justice.

James A. Reach (appellant) and Mellica Reach (appellee) were married in 1913. They lived together as husband and wife for about 12 years after their marriage. They have been separated for about 20 years during which time he contributed nothing to her support. During much of this time she did not know of his whereabouts. She is now 63 years of age and lives in Ensley, Alabama, with her son by a former marriage.

In 1944 James A. Reach sued Mellica Reach in this case for a divorce on the ground of voluntary abandonment in August, 1925. The issues were made by bill, answer and cross-bill and an answer to the cross-bill. The court rendered a final decree, denying James A. Reach a divorce, as sought in his bill. The decree granted her the relief sought in her cross-bill, based on his voluntary abandonment of her in 1925. The decree authorized her to "live separate and apart from her husband hereafter" and required him to pay her permanent alimony and counsel fees. This appeal is from that decree.

We are in accord with the legal principles advanced by appellant. It is true that the husband has the right to select a domicile for himself and family, provided the right is reasonably and not arbitrarily exercised. Henderson v. Henderson, 228 Ala. 438, 153 So. 646; Jones v. Jones, 233 Ala. 642, 173 So. 49. It is also true that misconduct on the part of the wife which so materially contributed to their separation that her fault is equal to or greater than the fault of the husband is a defense to her suit for separate maintenance. Sellers v. Sellers, 212 Ala. 290, 102 So. 442. It is furthermore true that if overtures for reconciliation were made in good faith by James A. Reach to Mellica Reach within the statutory period, this would be sufficient to interrupt the opera-

104

tion of the statute and prevent her from obtaining a divorce from bed and board. Duggan v. Duggan, 227 Ala. 92, 148 So. 844.

 The cross-bill of Mellica Reach was filed under §§ 36 and 37, Title 34, Code of 1940. The matter of a "limited divorce" has often been before this court. There can be no doubt of the power of the court in such proceedings. Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866. The amount of the allowances does not appear to be questioned. The long period of separation cannot within itself alone militate against her rights, even in the matter of the allowance of alimony and counsel fees. In 1849, even before the foregoing code sections, as now written, were adopted, this court said:

"No one will deny but that the husband is bound by the strongest obligations, resulting not alone from the contract of marriage, but founded upon the highest moral consideration, to support his wife. And if it be true that the law, as well as enlightened conscience, creates this obligation, and no court can enforce its performance or compensate for its most cruel and flagitious violation, then indeed has one class of cases been found, which falsifies the boasted maxim, 'that for every wrong there is a remedy, and for every injustice an adequate and salutary relief.' * * * *." Glover v. Glover, 16 Ala. 440, 444.

 We have given careful consideration to the evidence. No good purpose can be served by setting it out in detail. Caples v. Young, 206 Ala. 282, 89 So. 460. The witnesses were examined orally before the court. There is ample evidence to justify the rulings of the court. Since we are not willing to say that the action of the court is palpably wrong, the decree will not be disturbed. Sills v. Sills, 246 Ala. 165, 19 So. 2d 521; Christian v. Christian, 239 Ala. 692, 196 So. 893.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.