33 So.2d 1

**MARSH v. MARSH.**

I Div. 297

Supreme Court of Alabama.

Dec. 18, 1947.

Paul S. Jones, of Grove Hill, for appellant.

32

Adams & Gillmore, of Grove Hill, for appellee.

FOSTER, Justice.

This is a suit for divorce by appellant against appellee. By amendment the bill sought the custody of their two children. The answer denied the matter alleged on which a divorce was sought, voluntary abandonment, denied the facts on which complainant sought the custody of the children.

Both parties are colored school teachers, with college education. They were married in September 1937. In September 1938 one child was born, and in October 1939 the other one was born. They lived together in several different towns in Clarke County, Thomasville, Coffeeville, Grove Hill and Jackson. Complainant was principal of the high school or graded school or taught in the colored public schools in those places. Defendant did not teach much until after they separated in February 1941, when they were living in Jackson. Defendant went to her parents in Mobile who were well to do, owned their home and other property there, and the children have been there ever since, and are well provided for. Defendant seeks no alimony, nor other relief. In the summer of 1942 she alleges that complainant was released from a hospital in Mobile, and they stayed together with the children at her sister's home for two weeks, having sexual relations. The evidence does not show that it was intended to be a permanent resumption of family life. When he left to go to Jackson to resume his work, she would not go because of his conduct, to which we will refer later, and because he told her that he would beat her or any other woman he should marry. And again in the summer of 1943, he had a job at the post office in Mobile, and often visited her and had sexual relations day and night, but no family life was resumed.

Soon after she carried the children to Mobile, she applied to the juvenile court, and through it he has been paying thirty dollars a month for the support of the children.

Defendant is school supervisor of the colored schools of Greene County, and spends eight months there and goes to summer school.

This suit was filed in August 1943. She claims that on other occasions, once in December 1943 in Mobile, and in April 1944 in Montgomery she stayed with him for a night and had intercourse with him.

But controlling importance is not given to those incidents, some of which occurred after this suit was begun. The important question is whether she voluntarily abandoned him, and voluntarily remained so, or whether she was justified in doing so on account of his cruel and offensive conduct. There was much evidence to support the theory that she was compelled by his conduct toward her for her own comfort and happiness to leave him, and

live apart from him. Such an abandonment is not voluntary under the statute. Section 20(3), Title 34, Code; Israel v. Isreal, 185 Ala. 39, 64 So. 67; Stephenson v. Stephenson, 215 Ala. 545, 112 So. 119; Perry v. Perry, 230 Ala. 502, 162 So. 101; Nelson v. Nelson, 244 Ala. 421, 14 So.2d 155; Kidd v. Kidd, 245 Ala. 313, 20 So.2d 515.

We think the court correctly held that such abandonment was not voluntary. While we have not given controlling effect to their subsequent sexual conduct since it does not appear to have been intended as a resumption of the family relation (Campbell v. Campbell, 246 Ala. 107, 19 So.2d 354, 155 A.L.R. 130; Kidd v. Kidd, supra), we think his conduct toward her was such as that she could not with safety and comfort live with him in a family relation.

Appellant also contends that there was error in not awarding the custody of the children to him, and in not expressly decreeing upon his prayer for their custody, either to grant it or deny it. The court denied relief and dismissed the bill. There was no award of the custody of the children to either parent. Therefore the only adjudication and decree is that appellant is not entitled to their custody at present. No provision was decreed for the maintenance of the wife or children. That leaves the matter of the maintenance of the children as provided by the Juvenile Court of Mobile, and none for the wife.

Respondent is not claiming or seeking maintenance, and is earning her own living. Section 35, Title 34, Code, applies when a divorce is granted. Even then it is not always error not to provide for the custody of the children, that may be done at any time, then or thereafter.

The evidence here shows that appellant is not well situated to care for the children. They are now well cared for where they have been since they were small infants. Appellant has never been denied the privilege of visiting them when he sees fit. There was no error therefore in denying their custody to appellant.

There is no other question before us at this time. The court is always available to make such order for their custody

as the conditions justify at the time for their welfare, having regard to the parental relation. Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399.

The decree is affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.