48 So.2d 318

### BUTLER v. BUTLER.

2 Div. 278.

Supreme Court of Alabama.

Oct. 26, 1950.

Sheldon Fitts, of Marion, for appellee.

Thos. Seay, of Marion, for appellant.

STAKELY, Justice.

Sam Butler filed suit for divorce from Marie Butler on the ground of voluntary abandonment. Marie Butler denied the abandonment and in a cross-bill alleged adultery on the part of Sam Butler and sought a divorce from him. She also prayed for the custody of her three minor children and an allowance for their support and maintenance, alleging Sam Butler

to be their father. She also prayed for an allowance for counsel fees. Sam Butler filed an answer to the cross-bill denying its allegations, including the allegation that he was the father of the three minor children. The case was tried orally before the court with the result that a decree was entered by the court refusing to grant the complainant a divorce and dismissing his bill and also refusing to grant the cross-complainant a divorce and dismissing her cross-bill.

■ The evidence has received our careful consideration. No good purpose will be served by setting it out in detail. The following is sufficient to give an understanding of the case. Sam Butler and Marie Butler were married in 1915. Tendencies of the evidence show that in about 1924 Marie Butler voluntarily left Sam Butler and never lived with him again in his home. Tendencies of the evidence show that he committed adultery, living in the same house with one woman and having intercourse with others. It is settled that in a suit for divorce when both parties prove a ground for divorce the court will not grant a divorce to either. Lyall v. Lyall, 250 Ala. 635, 35 So.2d 550; Stabile v. Stabile, 203 Ala. 635, 84 So. 801; Stephens v. Stephens, 233 Ala. 178, 170 So. 767; Ribet v. Ribet, 39 Ala. 348.

It was claimed by Marie Butler that she had had twelve children by Sam Butler. She testified that six were dead and that her three youngest living children were by him. She conceded that she had not lived with him in his home since she left him in 1924 but testified that he had had access to her in her home during this period. The three minors who live with their mother were born respectively in 1931, 1933 and 1936. Sam Butler denied that he had had intercourse with her since she left him and that he is the father of the three minor children. The proof shows that during this period she had made no claim on him with reference to the minor children and had lived apart from him of her own free will and accord. The evidence further showed that during this period he lived openly in his own house with another woman.

■ It is without dispute that the children were born during the wedlock of Marie Butler and Sam Butler. This accordingly raises a presumption of legitimacy. This presumption however is not conclusive. Bullock v. Knox, 96 Ala. 195, 11 So. 339. The children are not before the court. So we will not consider further the status of the children with respect to their legitimacy.

■ Under § 35, Title 34, Code of 1940, the Court can award the custody of the children and decree an allowance for their support, when a divorce is granted. Marsh v. Marsh, 250 Ala. 31, 33 So.2d 1. Under § 79, Title 34, Code of 1940, the court can grant such relief in all cases of voluntary separation but this section applies only to separations that are voluntary on the part of both husband and wife. Arnold v. Arnold, 246 Ala. 86, 18 So.2d 730. Under § 79, Title 34, Code of 1940 there must be a voluntary separation and where there is a voluntary abandonment, there is not a voluntary separation. Bryan v. Bryan, 34 Ala. 516. But even if the foregoing sections of the code are not applicable to this case, this court has held that whenever the welfare of the children is concerned and the jurisdiction of the court is invoked, the court has an inherent power to enter a decree for their custody and support. Scott v. Scott, 247 Ala. 598, 25 So.2d 673. The jurisdiction of the court was invoked in this case by the allegation that "the respondent, their mother, is a proper person to have custody and control of said minor children and she desires custody of said children."

■■ An allowance to the mother for the support and maintenance of the minor children is not necessarily obligatory but rests in the sound discretion of the court and is to be determined from all the facts and circumstances in the case. 17 Am. Jur. p. 532. When all the facts and circumstances in this case are considered, including the fact that for 26 years Marie Butler has lived separate and apart from Sam Butler of her own free will and accord and during this time, until this suit was instituted, has made no claim on him

for the support of the children, we think them sufficient to justify the court in refusing to make an allowance for the support of the children.

The advantage which a trial court has in seeing the witnesses before it and appraising their testimony has often been pointed out. Since we are not willing to say that the decree of the court is palpably wrong, it will not be disturbed. Reach v. Reach, 249 Ala. 102, 29 So.2d 676; Sills v. Sills, 246 Ala. 165, 19 So.2d 521.

Affirmed.

FOSTER, LIVINGSTON and SIMPSON, JJ., concur.

BROWN and LAWSON, JJ., concur in the result.