49 So.2d 282

**DE BARDELEBEN v. DE BARDELEBEN.**

5 Div. 499.

Supreme Court of Alabama.

Dec. 7, 1950.

Harry D. Raymon, of Tuskegee, for appellant.

W. C. Hare, of Tuskegee, for appellee.

546

**STAKELY, Justice.**

This is a suit instituted by Lillian DeBardeleben (appellant) against her husband Dillard DeBardeleben (appellee) for separate maintenance and support on the ground of voluntary abandonment. The answer of the respondent denied the allegations of abandonment and alleged that the complainant had refused, after repeated requests, to live with respondent in his home. The case was tried orally before the court and resulted in a decree for the respondent.

We have carefully considered the evidence. No good purpose can be served by setting it out in detail. Caples v. Young, 206 Ala. 282, 89 So. 460. The following is sufficient for an understanding of the case. The parties were married on June 11, 1949 and lived together until February 13, 1950. Complainant is forty-two years of age and her husband fifty-five years of age. At the time of their marriage both were employed at the Veterans Hospital at Tuskegee, Alabama. He received $170 per month which was and still is his only source of income. At the time of their marriage both contributed to the living expenses of their home, the rent of the house being $45 per month which was paid up to March 2, 1950. She became unemployed and in January 1950 ceased to have any income.

Tendencies of the evidence show that because of their lowered income due to her unemployment the respondent decided that a house with a cheaper rental should be procured. The result was that he rented another house. According to tendencies of the evidence it is located in or near Tuskegee in a place known as Rosenwald Heights. It is a four room frame house, well ceiled inside with electric lights, with no water, however, in the house. There is a nice well outside the house, toilet facilities also being outside the house, which are screened from view from the front of the house. It is in a nice neighborhood, but off the paved road and is about ¾th of a mile from the Veterans Hospital where respondent works. He can easily walk from his house to his work.

According to respondent, respondent asked complainant to move with him and had never refused to let her come live with him. He testified, "I wants her. The door is wide open but I am not able to pay that rent." Tendencies of the evidence further show that she refused to go with him because the house did not have modern facilities. In referring to her refusal to move on account of lack of modern facilities on the trial she was asked, "Do you still feel that way?" to which she replied, "That's right." According to complainant, respondent never asked complainant to move with him and never came to see her after he had moved.

Ordinarily the husband has the right to select the domicile, yet this right must be reasonably and not arbitrarily exercised. Each case, however, must be determined on its own peculiar facts and circumstances. Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L.R.A.1917D, 773; Reach v. Reach, 249 Ala. 102, 29 So.2d 676.

We are not willing to say that the conclusion of the court is palpably wrong. Under the evidence the court had the right to find that respondent had not acted unreasonably and arbitrarily. So its decree will not be disturbed. Reach v. Reach, supra.

Affirmed.

FOSTER, LIVINGSTON and LAWSON, JJ., concur.