87 So.2d 818

### Wylie P. MANGHAM

v.

### Mae Clements MANGHAM.

5 Div. 635.

Supreme Court of Alabama.

May 24, 1956.

Wm. C. Hare and Harry D. Raymon, Tuskegee, for appellant.

L. J. Tyner, Opelika and Edw. H. Reynolds, Notasulga, for appellee.

LAWSON, Justice.

Appellee filed this bill seeking, among other relief, a decree of divorce on the ground of abandonment. Appellant demurred and, his demurrer being overruled, has appealed to this court.

The bill avers in part as follows: "That Complainant and Respondent were lawfully married to each other on December 22, 1912, in Macon County, Alabama; that they lived together continuously as husband and wife for forty-one years, in Macon County, Alabama, and until on, to-wit Nov. 28, 1953, at which time Respondent voluntarily abandoned your Complainant, and the bed and board of your complainant and has never returned to live with her."

It is true, as observed in Perry v. Perry, 230 Ala. 502, 162 So. 101, that to constitute voluntary abandonment within the meaning of the statute, " 'there must be a final departure, without the consent of the other party, without sufficient reason therefor, and without the intention to return' ", yet all of these facts need not be set out in the bill. Stephenson v. Stephenson, 213 Ala. 382, 105 So. 183; Nelson v. Nelson, 244 Ala. 421, 14 So.2d 155; Kidd v. Kidd, 246 Ala. 313, 20 So.2d 515; Siener v. Siener, 250 Ala. 376, 34 So.2d 576.

The averments of the bill which we quoted above, standing alone, under the authority of the cited cases, are unquestionably good as against the grounds of demurrer argued in brief filed here on behalf of appellant.

But those averments do not stand alone. Attached to the bill as an exhibit and made a part thereof by reference is a separation agreement into which the parties entered

on December 28, 1953, one month after the separation, which the reporter will set out in the report of the case.

Because the agreement is made a part of the bill, the appellant asserts that the action of the trial court in overruling his demurrer is contrary to the holding of this court in Starling v. Starling, 255 Ala. 641, 53 So.2d 547, 548, where we reversed the decree of the trial court overruling a demurrer to a bill for divorce charging abandonment where a separation agreement entered into by the husband and wife about a month after the separation was made an exhibit and a part of the bill. In the Starling case, supra, we said in part as follows:

" * * * Rather than showing the abandonment of appellee by his wife to have been without fault on his part, one of the constituents to justify a favorable decree, the exhibit, *unexplained by proper allegations to avert such a construction,* shows that the separation was by mutual agreement or consent. If such were the circumstances of the separation, neither party would be entitled to a divorce on the asserted ground. (Authorities cited.)" (Emphasis supplied.)

■ But where the agreement to separate was induced by the misconduct of the respondent, the complainant, notwithstanding such an agreement made at a later time, can still sustain the claim of voluntary abandonment. Talbert v. Talbert, 263 Ala. 339, 82 So.2d 416; Gee v. Gee, 249 Ala. 642, 32 So.2d 657; Cox v. Cox, 230 Ala. 158, 160 So. 230.

■ There are averments in appellee's bill which show that the separation of the parties and the subsequent written agreement were induced by the misconduct of the respondent and that such misconduct was of the kind which involved the fundamental happiness and self-respect of the complainant. What the proof may develop we cannot tell, but we feel impelled to the conclusion that the averments of this bill are sufficient to make applicable the rule of the three cases last cited above.

■ The respondent below, the appellant here, interposed a demurrer to the bill with grounds addressed to the bill as a whole. Demurrers are addressed to certain aspects which the demurrant construed the bill to encompass. We see no occasion here, however, to treat of any aspect other than that seeking a divorce for the reason that the decree of the trial court is general, no reference being made therein to the so-called aspects. Under our holding in the case of Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749, and other cases hereafter cited, our review is limited to those grounds of demurrer addressed to the bill as a whole. Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100; Shaddix v. Wilson, 261 Ala. 191, 73 So.2d 751; Williamson v. Burks, 262 Ala. 422, 79 So.2d 42; Davis v. Davis, 263 Ala. 42, 81 So.2d 314; Adams v. Woods, 263 Ala. 381, 82 So.2d 531; Marshall County Gas District v. City of Albertville, 263 Ala. 601, 83 So.2d 299; McCary v. Crumpton, 263 Ala. 250, 83 So. 2d 309.

■ The aspect of the bill seeking divorce on the ground of abandonment stating a matter of equitable cognizance and not being subject to any of the grounds addressed to the bill as a whole, the demurrer so addressed was overruled without error. Sellers v. Valenzuela, 249 Ala. 627, 32 So. 2d 517. It follows, therefore, that under our holding in Rowe v. Rowe, supra, the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.