BARBARA R. TUXFORD *v.* JAY W. TUXFORD

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 113470J

Memorandum filed October 27, 1959

*Jerome E. Caplan,* of Hartford, for the plaintiff.

*Wallace R. Burke,* of Hartford, for the defendant.

PHILLIPS, J.   The first count is an action for divorce, claiming custody and support of the children and alimony.   In the second count of an amendment to the complaint, the plaintiff endeavors to set up a separate action for custody of the children.   It is a well-established general rule that the Superior Court has jurisdiction to award custody of children only as an incident to divorce or in a habeas corpus proceeding.   *White* v. *White,* 138 Conn. 1, 9; *Dunham* v. *Dunham,* 97 Conn. 440, 443; *LaBella* v. *LaBella,* 134 Conn. 312, 316.   The reason for this rule apparently is that the Probate Court, except in these two proceedings, has jurisdiction of custody.   *Dunham* v. *Dunham,* supra.   Section 46-25 of the 1958 Revision of the General Statutes, however, creates an exception to this general rule.   It provides that "in any case in which any husband and wife having minor children, by reason of the abandonment or cruelty of the husband, live separately, the superior court for the county where the parties, or one of them, resides, may, on the complaint of the mother and notice given to the husband, award the custody of the children to the mother, for such time and under such regulations as it deems equitable."

The second count is framed to come within this statute.   It is alleged that from August 26, 1957, to December, 1958, the defendant abandoned the plaintiff and her children, and that in December, 1958, the defendant, by trick and deceit, took the children to the state of Ohio and refuses to return them to the plaintiff's custody.   These allegations are sufficient to set up a cause of action under the statute, independently of the first count asking for a divorce.

The demurrer to the second count is overruled.

In the third count of the amended complaint, stated to be "in alternative to the First Count," it is alleged that on October 22, 1957, the defendant allegedly obtained a divorce from the plaintiff in the Circuit Court of Marion County in Alabama; that the defendant's bill of complaint in that action did not allege that the parties had three minor children; that the alleged divorce was silent with respect to alimony for the present plaintiff, support of the children and custody of the children. The plaintiff claims in this third count support for herself, support for the children, and custody of the children, in the event that the court finds this Alabama decree of divorce to be valid. The defendant demurs to these claims for relief, on the ground that the allegations do not constitute a separate cause of action but are dependent upon and incidental to an action for divorce. It is apparent from the pleadings and argument that the plaintiff intends to contest the jurisdiction of the Alabama court upon jurisdictional grounds, but has set up this third count to obtain the relief sought in the event that she fails to establish such invalidity and hence is unable to obtain a divorce under the first count.

The Connecticut courts are, of course, bound to give full faith and credit to the Alabama decree, both under the constitutional provision and under the common law. They may, nevertheless, modify that decree in any manner consistent with Alabama law. *Freund* v. *Burns,* 131 Conn. 380; *New York ex rel. Halvey* v. *Halvey,* 330 U.S. 610, 614. The Alabama Code, title 34, § 33 (1940), permits the court to award alimony to a wife even though the husband procures the divorce for the wife's misconduct. *Waldrep* v. *Waldrep,* 231 Ala. 390. Title 34, § 35, of the Alabama Code gives the Alabama divorce court the power to award custody of

the children to either party as circumstances require. Under this statute, custody may be ruled upon at the time of the divorce or thereafter. *Marsh* v. *Marsh*, 250 Ala. 31, 33. So far as full faith and credit is concerned, what Alabama could do in modifying the decree, this court may do. *Halvey* v. *Halvey*, supra.

The demurrer to the third count is also overruled.